1   MORGAN, LEWIS & BOCKIUS LLP
    BARBARA J. MILLER, State Bar No. 167223
2   DARREN CAMPBELL, State Bar No. 223088
    5 Park Plaza, Suite 1750
3   Irvine, CA 92614
    Tel:  949.399.7000
4   Fax:  949.399.7001
    barbara.miller@morganlewis.com
5   dcampbell@morganlewis.com

6   Attorney for Defendant
    JPMORGAN CHASE BANK, N.A.

7

8                    UNITED STATES DISTRICT COURT

9                   CENTRAL DISTRICT OF CALIFORNIA

10

11  PAULINE NGUYEN-JENSTED, on        Case No. CV08-02865 ODW (JWJx)
    behalf of herself and those similarly
12  situated,                         NOTICE OF REMOVAL OF CIVIL
                                      ACTION BY DEFENDANT
13                     Plaintiffs,    JPMORGAN CHASE BANK, N.A.

14        vs.                         DIVERSITY OF CITIZENSHIP

15  J.P. MORGAN-CHASE, a              [28 U.S.C. §§ 1332, 1441, and 1446]
    corporation; and DOES 1 through
16  100, inclusive,                   Complaint Filed:   March 27, 2008
                                      Trial Date:        None Set
17                     Defendants.

18

19

20

21

22

23

24

25

26

27

28

MORGAN, LEWIS &     1-IR/443770.4
  BOCKIUS LLP
ATTORNEYS AT LAW
    IRVINE

1   **TO THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT**

2   **COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA:**

3     PLEASE TAKE NOTICE THAT, pursuant to 28 U.S.C. §§ 1332, 1441,

4   1446, and 1453, JPMorgan Chase Bank, N.A.[1] ("Chase") hereby removes the

5   above-entitled action from the Superior Court of the State of California, Los

6   Angeles County, to the United States District Court for the Central District of

7   California.  Removal is based on the following grounds:

8     1.  On or about March 27, 2008, Plaintiff Pauline Nguyen-Jenstad

9   ("Plaintiff" or "Jenstad") instituted this civil action in the Superior Court of the

10  State of California, Los Angeles County, with the assigned case number being

11  BC388045 (the "Complaint"), against an entity identified as "J.P. Morgan-Chase, a

12  corporation."

13    2.  This action was therefore commenced after the effective date of the

14  Class Action Fairness Act of 2005, Pub. L. No. 109-2 (enacted Feb. 18, 2005)

15  ("CAFA"), *codified at* 28 U.S.C. §§ 1332(d), 1453, and 1711-1715.

16    3.  This lawsuit was brought by a putative representative person on behalf

17  of a purported class of individuals.  Ex. A, Compl., ¶¶ 1-3, 28.  As such, this matter

18  is a "class action" as that term is defined pursuant to 28 U.S.C. §§ 1332(d)(1)(B)

19  and 1453.[2]

20    4.  On April 1, 2008, Plaintiff attempted service of the Summons and

21  Complaint on "J.P. Morgan-Chase."  True and correct copies of the documents are

22  attached hereto as Exhibit A.

23  _____

24  [1]  Plaintiff erroneously named a non-existent entity of "J.P. Morgan-Chase" as

25  the Defendant in the Complaint, and the Defendant reserves all defenses with
    respect to Plaintiff's error.

26  [2]  Chase does not concede, and reserves the right to contest at the appropriate
    time, Plaintiff's allegations that this action can properly proceed as a class action.

27  Chase further does not concede that Plaintiff's allegations constitute a cause of

28  action under applicable California law.

1-IR/443770.4       -2-

1  **I.**      **TIMELY REMOVAL**

2      5.      On March 27, 2008, Plaintiff filed the Complaint, which is the

3  pleading setting forth the claims of relief upon which the action is based and may

4  be removed.  Therefore, this Notice of Removal is timely filed pursuant to 28

5  U.S.C. §§ 1441(a), 1446(b) and 1453.

6      6.      The Summons and Complaint, Civil Case Cover Sheet, and Notice of

7  Case Assignment, which Plaintiff attempted to serve on a non-existent entity

8  entitled "J.P. Morgan-Chase" on April 1, 2008 constitute all process and pleadings

9  served on Chase in this action and is attached as Exhibit A.

10  **II.**     **SUBJECT MATTER JURISDICTION**

11      7.      This action could have been originally filed in this Court under 28

12  U.S.C. § 1332(a) due to diversity of citizenship and amount in controversy, in that

13  complete diversity exists between Plaintiff and Chase, and the amount in

14  controversy exceeds $75,000, exclusive of interests and costs.  Therefore, removal

15  is proper pursuant to 28 U.S.C. § 1441(a).

16      8.      Alternatively, this action could have been originally filed in this Court

17  under 28 U.S.C. § 1332(d) because it was brought as a class action, complete

18  diversity of citizenship exists between one or more members of the class and Chase,

19  and the amount in controversy exceeds, in the aggregate, $5,000,000, exclusive of

20  interest and costs.  Removal is therefore proper pursuant to 28 U.S.C. §§ 1446 and

21  1453.

22      9.      Complete Diversity

23      (a)     Complete diversity between Plaintiff and Chase exists under 28 U.S.C.

24  § 1332 because Plaintiff and Chase are citizens of different states.

25      (b)     At the time Plaintiff filed this civil action, Plaintiff was a California

26  resident.  Ex. A, Compl., ¶ 4.

27      (c)     Plaintiff purports to represent a class of "senior and/or junior

28  underwriters of 'wholesale' or 'retail' mortgage loans" (collectively, "mortgage

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
IRVINE

1-IR/443770.4                              -3-

NOTICE OF REMOVAL OF CIVIL ACTION

1    underwriters") who have worked for Chase within the State of California from

2    March 27, 2004 through the date when this action is resolved.  Ex. A, Compl., ¶¶ 1-

3    3, 28.

4           (d)    Defendant JPMorgan Chase Bank, N.A.:

5                  (i)    Pursuant to 28 U.S.C. § 1332 and 1348, and the United States

6    Supreme Court's decision in *Wachovia Bank, NA v. Schmidt*, 546 U.S. 303, 126

7    S.Ct. 941 (2006), Defendant, JPMorgan Chase Bank, N.A., is "located" in the state

8    designated in its articles of association as locus of its main office – Ohio.

9                  (ii)   The business activities of Defendant, at the time this action was

10   instituted, and at all times intervening, did not and do not substantially predominate

11   in any one state.

12                 (iii)  As a result, Defendant is not now, and was not at the time this

13   action was instituted, a citizen and/or resident of the State of California within the

14   meaning of the Acts of Congress relating to the removal of causes.

15                 (iv)   Thus, Plaintiff and members of the purported class are citizens

16   of a State different from that of Defendant JPMorgan Chase Bank, N.A.

17          10.    Amounts in Controversy

18          (a)    Plaintiff's individual claims satisfy the amount in controversy

19   requirement under 28 U.S.C. § 1332(a).

20

21

22

23

24

25

26

27

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
IRVINE

1      (i)      Chase is informed and believes that the amount in controversy
2   as to Plaintiff's individual claims exceeds the sum or value of $75,000, exclusive of
3   interests and costs.

4      (ii)      Plaintiff claims that, pursuant to California Labor Code
5   §§ 510 and 1194, Chase owes her overtime compensation. (Compl. ¶¶ 16, 19-20,
6   33). Under Labor Code § 510, non-exempt employees are due overtime wages for
7   overtime hours (*i.e.*, hours worked in excess of eight hours in a day) at one and one-
8   half times the regular rate of pay, and that they are due double time wages for
9   double time hours (*i.e.*, hours worked in excess of twelve hours in a day) at two
10   times the regular rate of pay for the employee. Labor Code § 1194 gives an
11   employee the ability to recover the unpaid balance of the full amount of overtime
12   compensation, including interest, reasonable attorney's fees, and costs of suit.

13      (iii)      Plaintiff alleges that "it was common for [her] … to work 60
14   hours or more on a weekly basis." Compl. ¶ 16.

15      (iv)      Plaintiff's employment with Chase began on or about
16   September 9, 2002. Plaintiff terminated her employment with Chase on February
17   26, 2005. Plaintiff was reinstated on May 9, 2005 and has been continuously
18   employed by Chase through the current date.

19      (v)      During the four-year period preceding the filing of the
20   Complaint, Plaintiff's annual salary was between $68,2000 and $75,500.
21   Accordingly, the corresponding hourly rates ((annual compensation ÷ 52 weeks) ÷
22   40 hours) during this time period were as follows:

23      (1)      Mar. 27, 2004 – Feb. 26, 2005: $68,200 per year/$32.79
24            per hour.

25      (2)      May 9, 2005 – Jan. 31, 2006: $68,200 per year/$32.79 per
26            hour.

27      (3)      Feb. 1, 2006 – Jan. 31, 2007: $70,000 per year/$33.65 per
28            hour.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
IRVINE

1-IR/443770.4                                    -5-

NOTICE OF REMOVAL OF CIVIL ACTION

(4)     Feb. 1, 2007 – Jan. 31, 2008: $73,500 per year/$35.34 per hour.

(5)     Feb. 1, 2008 – present: $75,500 per year/$36.30 per hour.

(vi)     Even assuming that Plaintiff is not claiming any double time compensation on her own behalf (*i.e.*, claiming that she worked more than 12 hours in any one day)[3], the amount of overtime compensation claimed by Plaintiff totals approximately **$207,363.30**. The total was calculated as follows: (number of hours per week alleged to have been worked over 40 (*i.e.*, 20) x (1.5 x applicable hourly rate during the relevant time period) x number of weeks at that hourly rate. If Plaintiff worked even half the amount of overtime hours alleged in her Complaint, she is seeking more than $100,000 in overtime compensation in this action.

| Dates | Hourly Compensation Rate | Number of Weeks | Overtime Pay Alleged by Plaintiff |
|---|---|---|---|
| 3/27/04 – 2/26/05 | $32.79 | 48 | $47,217.60 |
| 5/9/05 – 1/31/06 | $32.79 | 39 | $38,364.30 |
| 2/1/06 – 1/31/07 | $33.65 | 52 | $52,494.00 |
| 2/1/07 – 1/31/08 | $35.34 | 52 | $55,130.00 |
| 2/1/08 – 4/30/08 | $36.30 | 13 | $14,157.00 |
| | | **Total** | **$207,363.30** |

---

[3]     The total amount would be higher if Plaintiff is claiming that she worked more than 12 hours per day for any significant number of days.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
IRVINE

1    (vii)    Plaintiff also seeks payment for restitution of meal and rest

2  breaks that she allegedly missed. Ex. A, Compl. ¶¶ 2, 6, 17. Plaintiff claims that

3  "she … [was] routinely not provided a 30 minute off-duty meal period when [she]

4  worked more than 5 hours per day and a second 30 minute off-duty meal period

5  when [she] worked more than 10 hours per day." *Id.* at ¶ 17. Plaintiff seeks "one

6  hour of additional pay at the regular rate of compensation for each workday that

7  proper meal periods were not provided." *Id.* at ¶ 37. As Plaintiff claims that she

8  was misclassified and therefore not provided meal breaks, *Id.* at ¶ 24, the total

9  amount being claimed for missed meal breaks is **$34,494.18**. Total was calculated

10  as follows: applicable hourly rate x number of workdays at that rate.

11

| Dates | Hourly Compensation Rate | No. of Workdays | Meal and Rest Break Premium Claimed by Plaintiff |
|---|---|---|---|
| 3/27/04 – 2/26/05 | $32.79 | 240 | $7,869.60 |
| 5/9/05 – 1/31/06 | $32.79 | 192 | $6,295.68 |
| 2/1/06 – 1/31/07 | $33.65 | 261 | $8,782.65 |
| 2/1/07 – 1/31/08 | $35.34 | 261 | $9,223.74 |
| 2/1/08 – 4/30/08 | $36.30 | 64 | $2,323.20 |
| | | **Total** | **$34,494.87** |

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
IRVINE

NOTICE OF REMOVAL OF CIVIL ACTION

1    (viii)    Plaintiff also seeks penalties under Labor Code §§ 226 and

2    226.3 for alleged failure to provide accurate itemized wage statements.  Labor Code

3    § 226(e) provides for "fifty dollars ($50) for the initial pay period in which a

4    violation occurs and one hundred dollars ($100) for each violation in a subsequent

5    pay period, not exceeding an aggregate penalty of four thousand dollars ($4,000)."

6    At all relevant times, Plaintiff was and continues to be paid on a semi-monthly

7    basis, which means that since April 1, 2007, through the filing of this Notice of

8    Removal, Plaintiff has received at least 25 pay statements.  The calculation is as

9    follows:  $50 for the first pay statement during the one year statutory period and

10    $100 for the remaining 24 pay statements. Therefore, the total penalty that Plaintiff

11    seeks on her own behalf for the itemized wage statement claim totals **$2,450.**

12    (ix)    Adding all these amounts together, the total amount in

13    controversy at issue from Plaintiff's individual claims is **$244,308.17.**

14    (x)    Therefore, the amount in controversy necessary for removal

15    under U.S.C. § 1332(a) is satisfied.

16    **Class Claims**

17    (b)    In the alternative, the amount in controversy requirement is also

18    satisfied under CAFA. Pursuant to CAFA, 28 U.S.C. § 1332(d)(6), the claims of the

19    individual members in a class action are aggregated to determine if the amount in

20    controversy exceeds the sum or value of $5,000,000.

21    (c)    Congress intended for federal jurisdiction to be appropriate under

22    CAFA "if the value of the matter in litigation exceeds $5,000,000 either from the

23    viewpoint of the plaintiff or the viewpoint of the defendant, and regardless of the

24    type of relief sought (e.g., damages, injunctive relief, or declaratory relief.)."

25    Senate Judiciary Report, S. REP. 109-14, at 42.

26    (d)    In the Complaint, Plaintiff seeks to represent a class of all underwriters

27    of "wholesale" or "retail" mortgage loans who, at any time since March 27, 2004,

28    have allegedly been "designated by Defendants as an employee, or, contrary to fact

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
IRVINE

1-IR/443770.4                                    -8-

NOTICE OF REMOVAL OF CIVIL ACTION

1 and law as a consultant or independent contractor, who are employed or have been

2 employed by Defendants in California...." Ex. A, Compl., ¶ 28.

3      (e)    Plaintiff asserts, on behalf of herself and each of the putative class

4 members, claims for: (i) failure to pay overtime compensation pursuant to

5 California Labor Code §§ 510 and 1194, and I.W.C. Wage Order No. 4; (ii) failure

6 to provide adequate meal periods pursuant to California Labor Code §§ 226.7 and

7 512, and I.W.C. Wage Order No. 4; (iii) failure to provide rest time pursuant to

8 I.W.C. Wage Order No. 4; (iv) failure to furnish accurate wage statements pursuant

9 to California Labor Code §§ 226 and 226.3, and I.W.C. Wage Order No. 4;

10 (v) failure to keep accurate payroll records pursuant to California Labor Code §§

11 1174 and 1174.5, and I.W.C. Wage Order No. 4; (vi) waiting time penalties

12 pursuant to California Labor Code §§ 201-203; and (vii) unfair business practices

13 pursuant to California Business & Professions Code, §§ 17200 *et seq. See* Ex. A,

14 Compl., ¶¶ 2, 31-62.

15      (f)    Plaintiff asserts claims for failure to pay overtime compensation

16 pursuant to California Labor Code §§ 510 and 1194, and I.W.C. Wage Order No. 4

17 on behalf of herself and each of the putative class members. Ex. A, Compl. ¶¶ 31-

18 34. Plaintiff also alleges that "it was common for Plaintiff and those other similarly

19 situated to work 60 hours or more on a weekly basis." *Id.* at ¶ 16.

20      (g)    Plaintiff's average annual compensation divided by 2080 (the number

21 of workdays in a year) equals $34.52 per hour. *Id.* at ¶ 10(a)(5). Based on these

22 numbers, Plaintiff seeks on behalf of the putative class approximately $53,851.20 in

23 overtime pay for each putative class member, or $215,404.80 in overtime per

24 putative class member over the four-year limitations period. [# of workweeks x 20

25 hours x (1.5 x average hourly rate) = total]. Assuming even 20 putative class

26 members and assuming that Plaintiff is entitled to relief, which she is not, the value

27 of this claim could be as high as $4,308,096.00.

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
IRVINE

(h)   Plaintiff also asserts claims for missed meal and rest periods on behalf of herself and each of the putative class members. Ex. A, Compl. ¶¶ 2, 35-42. Plaintiff alleges that putative class members "were routinely not provided a 30 minute off-duty meal period when they worked more than 5 hours per day and a second 30 minute off-duty meal period when they worked more than 10 hours per day." *Id.* at ¶ 17. Plaintiff seeks "one hour of additional pay at the regular rate of compensation for each workday that proper meal periods were not provided." *Id.* at ¶ 37. She further alleges that putative class "members of the California Plaintiff Class regularly worked in excess of 4 hours per day without being afforded 10 minutes of net rest times," and seeks "one hour of additional pay at the regular rate of compensation for each workday that proper rest time periods were not provided." *Id.* at ¶¶ 40-41. As Plaintiff claims that the putative class members were misclassified and therefore not provided either meal or rest breaks, *see e.g.*, Ex. A, Compl. ¶ 24, Plaintiff seeks at least $35,900.80 over the four-year limitations period per putative class member in missed meal and rest break premium pay for days when putative class members allegedly missed at least one meal and rest break. (# of workweeks x 5 workdays/week x average hourly rate = total). Assuming 20 putative class members and assuming that Plaintiff is entitled to relief, which she is not, the value of this claim could be as high as $718,016.00.

(i)   Plaintiff claims that "Defendants acted knowingly and intentionally in failing to provide ... members of the California Plaintiff Class with timely, itemized statements pursuant to California Labor Code § 226. Ex. A, Compl., ¶¶ 43-45. Plaintiff alleges that § 226 provides that an employee is entitled to recover the greater of all actual damages or $50 for the initial violation and $100 for each subsequent violation, up to a maximum of $4,000, plus costs and reasonable attorneys' fees, if an employer knowingly and intentionally fails to provide an accurate, itemized wage statement. Ex. A, Compl., ¶ 44.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
IRVINE

1       (j)    Assuming that Plaintiff's frequency of wage statements is typical of

2   each of the other putative class members, as she has alleged, Ex. A, Compl., ¶

3   30(C), and also assuming that there are 20 putative class members during the

4   limitations period of one-year prior to filing the Complaint, the aggregate damages

5   being claimed for improper wage statements equals $49,000.00 (# of putative class

6   members employed during the year preceding the filing of Complaint x $2,450).[4]

7       (k)    Plaintiff further alleges claims for violations of the California Unfair

8   Competition Law, Bus. & Prof. Code § 17200 *et seq.*, on behalf of herself and each

9   of the putative class members. Ex. A, Compl., ¶¶ 33-44. Plaintiff alleges that

10  Chase unjustly enriched itself at the expense of Plaintiff, the putative class, and the

11  general public by illegally and wrongfully making improper wage deductions and

12  by failing to reimburse business expenses. *Id.* at ¶¶ 34-38. As such, Plaintiff

13  requests that Chase disgorge these illegal gains and make restitution to Plaintiff and

14  the putative class for all sums that should have been reimbursed or were deducted

15  wrongfully. In addition, Plaintiff requests injunctive relief to prevent Chase from

16  continuing to engage in these unfair business practices.

17      (l)    The Complaint also seeks attorneys' fees. Ex. A, Prayer for Relief, ¶

18  9. Attorneys' fees are properly included in determining the amount in controversy.

19  *Sanchez v. Wal-Mart Stores, Inc.*, 2007 WL 1345706, *2 (E.D.Cal. 2007)

20  ("Attorney's fees, if authorized by statute or contract, are also part of the

21  calculation.") Assuming Plaintiff can recover on her theories and allegations,

22  under her theory of the case she would undoubtedly argue that she would be

23  entitled to receive attorneys' fees in an amount equal to a significant percentage of

24  the total recovery. *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 698 (9th Cir.

25  2007) (describing measurement of attorneys' fees at 12.5% of economic damages

26                                     

[4]    $2,450 is the total amount in penalties for the period from April 1, 2007 to

27  the date of filing of the Complaint, when an employee is paid on a semi-monthly

28  basis. (*See Id.*, ¶ 10(a)(viii)).

1   for violations of wage provisions of California Labor Code in removal context as

2   "conservative"); *cf. In re Quintus Securities Litigation*, 148 F.Supp.2d 967,

3   973 (N.D.Cal. 2001) (noting in the class action settlement context, that the

4   benchmark for setting attorneys' fees is 25 percent of the common fund).

5        Thus, although Chase denies Plaintiff's allegations and denies that she or the

6   class that she purports to represent are entitled to the relief for which she has

7   prayed, based on Plaintiff's allegations, theories, and prayer for relief, and

8   assuming there are at least 20 class members, the amount in controversy would

9   exceed the $5,000,000 threshold set forth under 28 U.S.C. § 1332(d)(2) even

10  without taking into account her claims for accurate itemized wage statements,

11  waiting time penalties, violations of California's Unfair Competition Law, and

12  reasonable attorney's fees.

13  **III.   VENUE**

14       11.   Venue is proper in this district, pursuant to 28 U.S.C. § 1441(a),

15  because it encompasses the county in which this action has been pending.

16  **IV.   NOTICE**

17       12.   Chase will promptly serve this Notice of Removal on all parties and

18  will promptly file a copy of this Notice of Removal with the clerk of the state court

19  in which the action is pending, as required under 28 U.S.C. § 1446(d).

20       13.   WHEREFORE, Chase respectfully requests that this action be

21  removed to this Court.

Dated: May 1, 2008                    MORGAN, LEWIS & BOCKIUS LLP
                                      BARBARA J. MILLER
                                      DARREN J. CAMPBELL

                                      By
                                         Barbara J. Miller
                                         Attorneys for Defendant
                                         JPMORGAN CHASE BANK, N.A.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
IRVINE

1-IR/443770.4                         -12-

NOTICE OF REMOVAL OF CIVIL ACTION

# EXHIBIT A

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
J. P. MORGAN-CHASE, a corporation; and DOES 1 through 100, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
PAULINE NGUYEN-JENSTAD, on behalf of herself and those similarly situated

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

**CONFORMED COPY**
OF ORIGINAL FILED
Los Angeles Superior Court

MAR 27 2008

John A. Clarke, Executive Officer/Clerk

BY MARY GARCIA, Deputy

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp) or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*
LOS ANGELES COUNTY SUPERIOR COURT, CENTRAL
111 N. Hill Street
Los Angeles, California 90012

CASE NUMBER:
*(Número del Caso):*
**BC388045**

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
JOEL W. BARUCH, The Law Offices of Joel W. Baruch
2020 Main St., Suite 900, Irvine, CA 92614; phone: (949) 864.9662; fax: (949) 851-3185

DATE:
*(Fecha)* MAR 27 2008

JOHN A. CLARKE, CLERK     , Deputy *(Adjunto)*
M. GARCIA

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)*:

3. ☒ on behalf of *(specify)*: J.P. Morgan-Chase, a corporation

   under: ☒ CCP 416.10 (corporation)   ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)   ☐ CCP 416.90 (authorized person)
   ☐ other *(specify)*:

4. ☐ by personal delivery on *(date)*: 04/01/08

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
American LegalNet, Inc.   www.USCourtForms.com

CONFORMED COPY
OF ORIGINAL FILED
Los Angeles Superior Court

MAR 2 7 2008

John A. Clarke, Executive Officer/Clerk

BY MARY GARCIA, Deputy

1  PISTONE & WOLDER, LLP
   Thomas A. Pistone SBN 77774
2  Michael K. Wolder SBN 144821
   Eric J. Medel SBN 211808
3  2020 Main Street, Suite 900
   Irvine, California 92614
4  Telephone: (949) 622-8980
   Facsimile:  (949) 622-8985
5

6  LAW OFFICES OF JOEL W. BARUCH, P.C.
   Joel W. Baruch SBN 85903
7  2020 Main Street, Suite 900
   Irvine, California 92614-8203
8  Tel:  (949) 864-9662
   Fax:  (949) 851-3185
9

10 Attorneys for Plaintiff, PAULINE NGUYEN-JENSTAD, on behalf of herself and others
   similarly situated
11

12         SUPERIOR COURT OF THE STATE OF CALIFORNIA
13
         COUNTY OF LOS ANGELES, CENTRAL JUDICIAL DISTRICT
14

15 PAULINE NGUYEN-JENSTAD, on          )  CASE NO.  BC 388045
   behalf of herself and those similarly )
16 situated,                            )  CLASS ACTION
                                        )
17              Plaintiffs,             )  COMPLAINT FOR:
                                        )
18 VS.                                  )  1.  Failure to Pay Overtime
                                        )      Compensation (Labor Code 510,
19 J.P. MORGAN-CHASE, a                 )      1194)
   corporation; and DOES 1 through      )  2.  Failure to Provide Adequate Meal
20 100, inclusive                       )      Periods (Labor Code 226.7, 512;
                                        )      I.W.C. Wage Order No. 4)
21              Defendants.             )  3.  Failure to Provide Rest Time (I.W.C.
   ─────────────────────────────────── )      Wage Order No. 4)
22                                         4.  Failure to Furnish Accurate Wage
                                              Statements (Labor Code 226, 226.3;
23                                            I.W.C. Wage Order No. 4)
                                           5.  Failure to Keep Accurate Payroll
24                                            Records (Labor Code 1174, 1174.5;
                                              I.W.C. Wage Order No. 4)
25                                         6.  Waiting Time Penalties (Labor Code,
                                              201, et seq.)
26                                         7.  Unfair Business Practices (Business
                                              and Professions Code 17200, et seq.)
27
                                           DEMAND FOR JURY TRIAL
28

-1-

COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

1   Plaintiff, PAULINE NGUYEN-JENSTAD, alleges, on behalf of herself and others

2   similarly situated, as follows:

3                            **INTRODUCTION**

4       1.      Plaintiff brings this claim individually and as a class action under California Code

5   of Civil Procedure, Section 382. The claims are asserted by Plaintiff as a class action

6   representative on behalf of all similarly situated persons, whether designated by Defendant, J.P

7   MORGAN-CHASE (hereafter CHASE) as employees, or, contrary to fact and law, as

8   consultants or independent contractors, who are or were employed by Defendant CHASE in

9   California, and who performed non-exempt underwriting work on "wholesale" and/or "retail"

10  mortgage loans for the clients and/or customers of Defendant CHASE in the mortgage loan

11  business.

12      2.      The class action claims are for overtime compensation, statutory penalties,

13  interest, costs and attorney's fees for all similarly-situated workers, whether designated by

14  Defendant, J.P MORGAN-CHASE (hereafter CHASE) as employees, or, contrary to fact and

15  law, as consultants or independent contractors, who are or were employed by Defendant CHASE

16  in California, and who performed non-exempt underwriting work on "wholesale" and/or "retail"

17  mortgage loans for the clients and/or customers of Defendant CHASE in the mortgage loan

18  business. Included in the class action claims are claims for unpaid meal period pay, unpaid rest

19  period pay, waiting pay, statutory penalties, interest, and attorney's fees and costs, under

20  California Labor Code Sections 203, 218.5, and California Code of Civil Procedure, Section

21  1021.5. Also included under the class action claims are claims pursuant to the California Unfair

22  Competition Law (hereafter "UCL"), Business & Professions Code, Sections 17200, et seq.,

23  including injunctive relief and restitution from Defendant CHASE's unlawful practices,

24  including failure to pay overtime, failure to provide meal and rest periods, failure to provide

25  accurate wage statements, and failure to keep daily payroll records showing the actual hours

26  worked by Plaintiff and other similarly situated individuals in California.

27      3.      The class action is brought on behalf of all current and former senior and junior

28  underwriters, whether designated by Defendant CHASE as employees, or, contrary to fact and

1   law, as consultants or independent contractors, employed by Defendant CHASE in California

2   at any time within four years prior to the filing of this complaint through the date of the final

3   disposition of this action (entitled "the California Class Period"), and who were, are, or will be

4   performing non-exempt work for which they are or were entitled to overtime pay under

5   California law.

6

7                                    **PARTIES**

8        4.     PlaintiffNGUYEN-JENSTAD is, and at all relevant times herein mentioned was,

9   an individual residing in the State of California.  Plaintiff NGUYEN-JENSTAD works, and

10  worked for, Defendant CHASE as an underwriter of mortgage loans during the California Class

11  Period, was wrongfully considered by Defendant CHASE as an exempt employee, and was paid

12  a salary at different levels according to her work experience.

13       5.     During Plaintiff's employment with Defendant CHASE, Plaintiff had little or

14  no control over her work details, all of which were controlled and managed by Defendant

15  CHASE, and/or by its clients and customers.  Such details included when to perform the work

16  and the manner or means in which the work was performed.  Defendant CHASE required

17  Plaintiff to be present on a daily and regular basis at its offices and to perform the specific work

18  provided to Plaintiff each day.  Plaintiff's schedule was set exclusively by Defendant CHASE

19  on a regular and daily basis, and she was required to work at home and on mandatory weekends.

20  Plaintiff had no interest in the profits from Defendant CHASE's business, or from any of the

21  work they performed, and Plaintiff had no authority to hire or provide employees besides herself.

22  Plaintiff was not required to hold any license from any state or federal agency to perform her job

23  duties.  Plaintiff regularly worked in excess of 40 hours per week and/or 8 hours per day, and

24  also on weekends, without receiving any overtime compensation as required by California law.

25  Plaintiff was paid on a salary basis; however, Plaintiff claims that she was nothing more than an

26  hourly-paid employee and treated like one by Defendant CHASE.

27       6.     In addition, Plaintiff did not receive an uninterrupted meal period of at least 30

28  minutes at appropriate work intervals during her employment by Defendant CHASE and, also,

COMPLAINT

3

did not receive additional compensation for such missed meal periods. Plaintiff also did not receive 10 minutes of net rest time for every 4 hours of work or major fraction thereof and received no additional compensation for such missed rest periods. Defendant CHASE also did not provide Plaintiff with an itemized statement of total hours worked with each payment of wages.

7.     During her employment with Defendant CHASE, Plaintiff was required to work in the office Monday through Friday, was required to work at home after hours during the weekday, and was required to work mandatory weekends.

8.     Plaintiff is informed and believes, and thereon alleges, that Defendant CHASE is a national company which was and is registered to do business in the State of California, and which maintains several offices within the State of California where it employs senior and junior underwriters to underwrite "wholesale" and "retail" mortgage loans for clients and customers.

9.     Plaintiff is not aware of the true names and/or capacities of those entities or individuals sued herein as DOES 1 through 100, inclusive, and therefore sues these defendants by their fictitious names. Plaintiff will seek leave of this Court to amend this complaint to insert their true names and/or capacities when the same are ascertained.

10.     Unless otherwise specified herein, each of the defendants was and is the agent and employee of the remaining defendants, each defendant acted in all pertinent respect as the agent of the remaining defendants, and each defendant carried out a joint scheme, business plan, or policy in all respects pertinent hereto, and the acts of each defendant are legally attributable to the remaining defendants.

## GENERAL ALLEGATIONS

11.     Plaintiff alleges that, at all relevant times herein mentioned, Defendant CHASE provides "wholesale" and "retail" mortgage loans to other business entities and members of the general public.

12.     Plaintiff alleges that she, and others similarly situated, were hired as underwriters by Defendants to underwrite these "wholesale" and "retail" loans, to apply strict  mortgage

1   guidelines formulated by Defendants for the purpose of making "wholesale" and "retail" loans

2   to other business entities and members of the general public, and to then have their work

3   approved by others in management of Defendants. Plaintiff, and others similarly situated, had

4   little or no authority to exercise their own opinion, judgment, and decision-making authority on

5   any loans which were provided to them to review.

6       13.   Plaintiff alleges that she, and others similarly situated, were required to work in

7   the offices of Defendants on a regular basis during the normal work week of Monday through

8   Friday, however, because of the sheer volume of the files provided to them, were also required

9   to work at home at night during the weekdays and, also, to work on weekends, with some of the

10  weekends classified as "mandatory weekends".

11      14.   Plaintiff alleges that companies other than Defendants provided what are

12  known as "contract" underwriters who regularly worked at the offices in California maintained

13  by Defendants.  These "contract" underwriters performed essentially the same functions as

14  Plaintiff, and others similarly situated who were employed by Defendants.  These "contract"

15  underwriters were paid overtime compensation by their companies under circumstances where

16  overtime compensation was required by the laws of the State of California.

17      15.   Plaintiff alleges that she, and others similarly situated, did not supervise any other

18  underwriting employees of Defendants and, in fact, were required to obtain signature authority

19  from management for loans which they underwrote.

20      16.   Plaintiff alleges that she, and others similarly situated, frequently and usually

21  worked more than 8 hours per day and/or more than 40 hours per week. Plaintiff further alleges

22  that, in order to avoid the payment of overtime compensation, Defendants paid Plaintiff, and

23  others similarly situated, a salary rather than an hourly wage.  Plaintiff further alleges that

24  Defendants did not keep time records of Plaintiff's employment, and of those others similarly

25  situated, however, Defendants would require Plaintiff and those others similarly situated to

26  complete the underwriting of a specific number of files on each workday or face penalties,

27  including, but not limited to, warnings, suspension and termination.  For the period of time

28  herein mentioned, Plaintiff, and those others similarly situated, did not receive any overtime

1   compensation, although it was common for Plaintiff and those others similarly situated to work

2   60 hours or more on a weekly basis to keep up with the demands and requirements of

3   Defendants.

4        17.   Plaintiff alleges that she, and others similarly situated, were routinely not provided

5   a 30 minute off-duty meal period when they worked more than 5 hours per day and a second 30

6   minute off-duty meal period when they worked more than 10 hours per day.  Plaintiff further

7   alleges that she, and others similarly situated, were not compensated for the meal time that they

8   were not accorded.

9        18.   Plaintiff alleges that she, and others similarly situated, were not given 10 minutes

10  of net rest time for every 4 hours of work or a major fraction thereof.  Plaintiff further alleges

11  that she, and others similarly situated, were not compensated for the missed rest periods.

12       19.   At all relevant times herein mentioned, Defendants misclassified Plaintiff and all

13  others similarly situated for purposes of avoiding overtime compensation, all in violation of

14  California law.  Plaintiff alleges that this misclassification scheme was deliberate and willful.

15       20.   At all relevant times herein mentioned, Defendants failed to timely pay overtime

16  compensation to all class Plaintiffs at the conclusion of their employment.

17       21.   At all relevant times herein mentioned, Defendants classified Plaintiff, and others

18  similarly situated, as "exempt" for purposes of California laws relating to meal period, rest

19  period, itemized pay statements and record-keeping requirements.

20       22.   As a proximate result of Defendants misclassifying Plaintiff, and others similarly

21  situated, as "exempt" from California record-keeping requirements, Plaintiff alleges that

22  Defendants did not record the actual hours worked by her and those others similarly situated.

23       23.   As a proximate result of Defendants misclassifying Plaintiff, and others similarly

24  situated, as "exempt" from California's record-keeping requirements, Defendants' policy and

25  practice was to not keep payroll records showing the actual hours worked per day and per week

26  by such workers.

27       24.   As a proximate result of Defendants misclassifying Plaintiff, and others similarly

28  situated, as "exempt", Defendants failed to provide a 30 minute off-duty period to her and those

1   others similarly situated who worked more than 5 hours in a day and, further, failed to provide

2   an additional 30 minute off-duty period for her and those others similarly situated who worked

3   more than 10 hours per day.

4          25.    As a proximate result of Defendants misclassifying Plaintiff, and others similarly

5   situated, as "exempt", Defendants failed to provide 10 minutes of net rest time for every 4 hours

6   of work or major fraction thereof to her and those others similarly situated.

7          26.    As a proximate result of Defendants misclassifying Plaintiff, and those others

8   similarly situated, as "exempt" from California's itemized pay statement requirements,

9   Defendants' policy and practice was to not itemize the total hours worked on wage statements

10  furnished to Plaintiff and those others similarly situated.

11         27.    As a proximate result of Defendants' misclassifying Plaintiff, and others similarly

12  situated, as "exempt", Defendants willfully and knowingly failed to pay her and/or those others

13  similarly situated employee who separated from the employment with Defendants, all accrued

14  overtime compensation, rest period pay, and meal period pay at the time of their termination

15  from the employment.

16

17                            **CLASS ACTION ALLEGATIONS**

18         28.    Plaintiff brings this action on behalf of herself, and all others similarly situated,

19  who worked for Defendants, as a class action pursuant to the terms of California Code of Civil

20  Procedure, Section 382.  The class that Plaintiff seeks to represent is composed of and defined

21  as follows:

22              All persons, whether designated by Defendants as an
                employee, or, contrary to fact and law, as a consultant
23              or independent contractor, who are employed or have
                been employed by Defendants in California as senior
24              and/or junior underwriters of "wholesale" or "retail"
                mortgage loans for clients or customers of Defendants,
25              who are misclassified by Defendants as "exempt"
                employees and who are required by Defendants to work
26              without being compensated for overtime pay, without
                being provided and compensated for meal periods, and
27              without being provided and compensated for rest time
                periods.
28

29.     Plaintiff and members of the California Plaintiff Class worked in excess of 40 hours per week and/or 8 hours per day without being paid overtime compensation by Defendants, as required by California law. In addition, Plaintiff and members of the California Plaintiff Class have been denied 30 minutes meal periods and have not been paid meal period compensation in violation of California Labor Code Sections 226.7 and 512 and California I.W.C. Wage Order No. 4. In addition, Plaintiff and members of the California Plaintiff Class have been denied 10 minutes of rest time for every 4 hours of work or major fraction thereof in violation of California Wage Order No. 4. In addition, Plaintiff and members of the California Plaintiff Class have been denied an itemized statement of total hours worked with each payment of wages, as required by California Labor Code, Section 226, and/or in violation of the California Business & Professions Code, Sections 17200-17208. In addition, Plaintiff and/or members of the California Plaintiff class have not been timely paid their total accrued compensation at the time of their termination of employment, in violation of California Labor Code, Sections 201-203, and/or in violation of California Business & Professions Code, Sections 17200-17208.

30.     The claims herein have been brought and may properly be maintained as a class action pursuant to Section 382 of the California Code of Civil Procedure, because there is a well-defined community of interest among ascertainable class members with respect to the claims asserted herein and the proposed class is easily ascertainable:

(A)     Numerosity: The potential members of the California Plaintiff Class, as defined herein, are so numerous that joinder would be impractical.

(B)     Commonality: There are questions of law and fact common to Plaintiff and the California Plaintiff Class that predominate over any questions affecting only individual members of the class. These common questions of law and fact include, but are not limited to, the following:

(1)     Whether the members of the California Plaintiff Class are non-exempt or exempt for overtime compensation purposes.

(2)     Whether Defendants failed and continue to fail to pay overtime

COMPLAINT

8

1   compensation for hours worked in excess of 8 hours per day and/or 40 hours per week or
2   otherwise failed to appropriately pay overtime compensation.

3               (3)     Whether Defendants violated California law by their failure to pay
4   the California Plaintiff Class overtime compensation.

5               (4)     Whether Defendants' failure to pay overtime compensation to the
6   members of the California Plaintiff Class constitutes an unlawful, unfair, and/or fraudulent
7   business practice under the auspices of California Business & Professions Code, Sections 17200,
8   et seq.

9               (5)     Whether the members of the California Plaintiff Class were and
10  are subject to, and not exempt from, the itemized pay statements requirements of California
11  Labor Code, Section 226.

12              (6)     Whether Defendants knowingly and intentionally failed to provide
13  members of the California Plaintiff Class with an itemized statement showing total hours worked
14  with each payment of wages, as required by California Labor Code, Section 226.

15              (7)     Whether Defendants' failure to provide members of the California
16  Plaintiff Class with an itemized statement showing hours works with each payment of wages
17  constitutes an unlawful, unfair, and/or fraudulent business practice under the auspices of
18  California Business & Professions Code, Sections 17200, et seq.

19              (8)     Whether the members of the California Plaintiff Class were and are
20  subject to, and not exempt, from California Labor Code, Section 1174 and California I.W.C.
21  Wage Order No. 4 record-keeping requirements.

22              (9)     Whether Defendants violated California Labor Code Section 1174
23  and California I.W.C. Wage Order No. 4 (section 7), by failing to maintain documentation on
24  the actual hours worked each day by the members of the California Plaintiff Class.

25              (10)    Whether Defendants' failure to maintain documentation of actual
26  hours worked by members of the California Plaintiff Class constitutes an unlawful, unfair, and/or
27  fraudulent business practice under the auspices of California Business & Professions Code,
28  Sections 17200, et seq.

1          (11)    Whether the members of the California Plaintiff Class were and are

2     subject to, and not exempt from, California Labor Code, Sections 226.7 and 512, and California

3     I.W.C. Wage Order No. 4 relating to off-duty meal period requirements.

4          (12)    Whether Defendants violated California Labor Code, Sections

5     226.7 and 512 and California I.W.C. Wage Order No. 4 (section 11), by their failure to provide

6     adequate off-duty meal periods and/or meal period compensation to members of the California

7     Plaintiff Class.

8          (13)    Whether Defendants' failure to provide adequate off-duty meal

9     periods and/or meal period compensation to members of the California Plaintiff Class constitutes

10    an unlawful, unfair, and/or fraudulent business practice under the auspices of the California

11    Business and Professions Code, Sections 17200, et seq.

12         (14)    Whether the members of the California Plaintiff Class were and

13    are subject to, and not exempt from, the California I.W.C. Wage Order No. 4 rest period

14    requirements.

15         (15)    Whether Defendants violated California I.W.C. Wage Order No. 4

16    (section 12[A]), by their failure to provide adequate rest periods and/or rest period compensation

17    to members of the California Plaintiff Class.

18         (16)    Whether Defendants' failure to provide adequate rest periods and/or

19    rest period compensation to members of the California Plaintiff Class constitutes an unlawful,

20    unfair, and/or fraudulent business practice under the auspices of California Business &

21    Professions Code, Sections 17200, et seq.

22         (17)    Whether Defendants violated California Labor Code, Sections

23    201-203 by their failure to timely pay members of the California Plaintiff Class the wages due

24    for overtime compensation and meal/ rest period pay at the time of their termination from the

25    employment.

26         (18)    The proper formula for calculating wages, restitution, damages,

27    and waiting time and other statutory penalties owed to Plaintiff and members of the California

28    Plaintiff Class.

1     (C) <u>Typicality</u>: Plaintiff's claims are typical of the members of the California

2 Plaintiff Class. Defendants' common course of unlawful conduct has caused Plaintiff and

3 members of the California Plaintiff Class to sustain the same or similar damages and injuries

4 caused by the same and/or similar practices of Defendants. Plaintiff's claims are therefore

5 representative of the claims of the California Plaintiff Class.

6     (D) <u>Adequacy of Representation</u>: Plaintiff and members of the California

7 Plaintiff Class do not have any conflicts of interest with other class members and will prosecute

8 the care vigorously on behalf of the entire class. Counsel who represent Plaintiff are competent

9 and experienced in litigating complex actions pertaining to employment practices, including

10 class actions for wages pursuant to California and federal law. Plaintiff will fairly and

11 adequately represent and protect the interests of the other members of the California Plaintiff

12 Class.

13     (E) <u>Predominance of Common Questions</u>: Class certification is appropriate

14 because questions of law and fact common to the California Plaintiff Class predominate over any

15 questions affecting only individual members of the class. Each member of the class has been

16 damaged and is entitled to recovery by reason of Defendants' illegal policy and/or practice of

17 permitting members of the California Plaintiff Class to work in excess of 8 hours per day and/or

18 in excess of 40 hours per week without paying proper overtime compensation as required under

19 California law; failing to provide itemized statements of total hours worked with each payment

20 of wages; failing to provide uninterrupted meal periods of at least 30 minutes or to pay for the

21 missed meal periods; failing to provide 10 minutes of rest time for every 4 hours of work or

22 major fraction thereof, or to pay for the missed rest periods; and failing to pay overtime

23 compensation due at the time that each former employee's employment with Defendants ended,

24 making Defendants liable for penalties in the form of continued compensation for up to 30 days.

25 These foregoing common questions of law and fact predominate over any issues affecting less

26 than the entire class.

27 ///

28 ///

## CLASS ACTION CLAIMS

## FIRST CAUSE OF ACTION

**(Failure to Pay Overtime Compensation- Pursuant to California Labor Code, Sections 510 and 1194 and I.W.C. Wage Order No. 4- Brought by Plaintiff NGUYEN-JENSTAD, Individually and On Behalf of All Members of California Plaintiff Class Against All Defendants)**

31.    Plaintiff realleges and incorporates herein those matters contained in paragraphs 1 through 30 as though fully set forth.

32.    At all times herein mentioned, California law required employers, such as the named Defendants herein, to pay overtime compensation to all non-exempt employees.

33.    At all times herein mentioned, Defendants have misclassified Plaintiff and members of the California Plaintiff Class as exempt from overtime pay entitlement and have failed and refused to pay them overtime compensation for their overtime hours worked.

34.    As a direct result of the aforesaid unlawful conduct of Defendants, Plaintiff and members of the California Plaintiff Class have sustained damages, including loss of overtime compensation, together with any statutory penalties and attorney's fees owed, all in an amount according to proof at trial.

## SECOND CAUSE OF ACTION

**(Failure to Provide Adequate Meal Periods- Pursuant to California Labor Code Sections 226.7 and 512 and I.W.C. Wage Order No. 4- Brought by Plaintiff NGUYEN-JENSTAD, Individually and On Behalf of All Members of the California Plaintiff Class Against All Defendants)**

35.    Plaintiff realleges and incorporates herein those matters contained in paragraphs 1 through 34 as though fully set forth.

1   36.   At all times herein mentioned, Plaintiff and members of the California Plaintiff

2   Class regularly worked in excess of five hours per day without being afforded at least a 30

3   minutes meal period in which they were relieved of all duties, as required by California Labor

4   Code, Sections 226.7 and 512 and by I.W.C. Wage Order No. 4 (section 11[A]).

5   37.   Because Defendants have failed to afford proper meal periods, they are liable to

6   Plaintiff and members of the California Plaintiff Class for one hour of additional pay at the

7   regular rate of compensation for each workday that proper meal periods were not provided,

8   pursuant to California Labor Code, Sections 226.7 and 512 and I.W.C. Wage Order No. 4

9   (section 11[B]) during the relevant period.

10   38.   As a direct result of the aforesaid unlawful conduct of Defendants, Plaintiff and

11   the members of the California Plaintiff Class have been damaged in an amount according to

12   proof at trial.

13

14                    **THIRD CAUSE OF ACTION**

15              **(Failure to Provide Rest Time- Pursuant to I.W.C. Wage Order No. 4-**

16              **Brought by Plaintiff NGUYEN-JENSTAD, Individually and On Behalf**

17              **of Members of the California Plaintiff Class Against All Defendants)**

18   39.   Plaintiff realleges and incorporates herein those matters contained in paragraphs

19   1 through 38 as though fully set forth.

20   40.   At all times herein mentioned, Section 12(A) of California I.W.C. Wage Order

21   No. 4 requires Defendants to provide employees 10 minutes of net rest time for every 4 hours

22   of work or major fraction thereof.  Plaintiff and members of the California Plaintiff Class

23   regularly worked in excess of 4 hours per day without being afforded 10 minutes of net rest

24   times as required by law.

25   41.   Because Defendants have failed to afford proper rest times, they are liable to

26   Plaintiff and members of the California Plaintiff Class for one hour of additional pay at the

27   regular rate of compensation for each workday that proper rest time periods were not provided,

28   pursuant to California I.W.C. Wage Order No. 4 (section 12[B]), during the relevant period.

42.  As a direct result of the aforesaid unlawful conduct of Defendants, Plaintiff and the members of the California Plaintiff Class have been damaged in an amount according to proof at trial.

### FOURTH CAUSE OF ACTION

**(Failure to Furnish Accurate Wage Statements- Pursuant to California Labor Code, Sections 226 and 226.3 and I.W.C. Wage Order No. 4- Brought by Plaintiff NGUYEN-JENSTAD, Individually and Behalf of Members of the California Plaintiff Class Against All Defendants)**

43.  Plaintiff realleges and incorporates herein those matters contained in paragraphs 1 through 42 as though fully set forth.

44.  At all times herein mentioned, California Labor Code, Section 226(a) and I.W.C. Wage Order No. 4 (section 7[B]) require employers semi-monthly or at the time of each payment of wages to furnish each California employee with a statement itemizing, among other things, the total hours worked by the employee. Labor Code, Section 226, provides that if an employer knowingly and intentionally fails to provide a statement itemizing, among other things, the total hours worked by the employee, then the employee is entitled to recover the greater of all actual damages or $50.00 for the initial violation and $100.00 for each subsequent violation, up to $4,000.00.

45.  At all times herein mentioned, Defendants acted knowingly and intentionally in failing to provide Plaintiff and members of the California Plaintiff Class with timely, itemized statements showing the total hours worked as required by law and, as a result, are liable to Plaintiff and members of the California Plaintiff Class for the amount provided by California Labor Code, Section 226(b), all to be determined according to proof at trial.

///
///
///

## FIFTH CAUSE OF ACTION

**(Failure to Keep Accurate Payroll Records- Pursuant to California**
**Labor Code Sections 1174 and 1174.5 and I.W.C. Wage Order No.4-**
**Brought by Plaintiff NGUYEN-JENSTAD, Individually and On**
**Behalf of Members of California Plaintiff Class Against All**
**Defendants)**

46.     Plaintiff realleges and incorporates herein those matters contained in paragraphs 1 through 45 as though fully set forth.

47.     At all times herein mentioned, Defendants have violated California Labor Code, Sections 1174 and 1174.5 and I.W.C. Wage Order No. 4 (section 7[A]), by willfully failing to keep required payroll records showing the actual hours worked each day by Plaintiff and members of the California Plaintiff Class.

48.     As a direct result of the aforesaid unlawful conduct, Plaintiff and members of the California Plaintiff Class have been damaged in an amount according to proof at trial.

## SIXTH CAUSE OF ACTION

**(Waiting Time Penalties- Pursuant to California Labor Code**
**Sections 201-203- Brought by Plaintiff NGUYEN-JENSTAD,**
**Individually and On Behalf of Members of the California Plaintiff**
**Class Against All Defendants)**

49.     Plaintiff realleges and incorporates herein those matters contained in paragraphs 1 through 48 as though fully set forth.

50.     At all times herein mentioned, California Labor Code, Sections 201 and 202 required Defendant to pay their employees all wages due within the time specified by law. California Labor Code, Section 203, provides that if an employer willfully fails to timely pay such wages, the employer must continue to pay the subject employees' wages until the back wages are paid in full or an action is commenced, up to a maximum of 30 days of wages.

51.     At all times herein mentioned, Defendants failed to pay certain members of the

California Plaintiff Class all wages due upon termination of employment within the time period specified under the aforesaid statutes. Those members of the California Plaintiff Class who ceased their employment with Defendant are entitled to unpaid compensation, including, without limitation, unpaid overtime compensation and meal and rest period compensation as required by California law. More than 30 days have passed since those certain members of the California Plaintiff Class have left the employ of Defendants.

52.   As a direct result of the aforesaid unlawful conduct of Defendants, certain members of the California Plaintiff Class have been damaged in an amount according to proof at trial.

### SEVENTH CAUSE OF ACTION

**(Unfair Business Practices- Pursuant to California Business & Professions Code, Sections 17200, Et. Seq.- Brought by Plaintiff NGUYEN-JENSTAD, Individually and On Behalf of Members of California Plaintiff Class Against All Defendants)**

53.   Plaintiff realleges and incorporates herein those matters contained in paragraphs 1 through 52 as though fully set forth.

54.   The foregoing conduct, as alleged, violates the provisions of California Business & Professions Code, Sections 17200, et seq. (hereafter "UCL").

55.   Beginning at a date unknown to Plaintiff, but at least as long ago as four years preceding the date this Complaint is filed, Defendants committed, and continue to commit, acts of unfair competition by, among other things, engaging in the unlawful acts and practices set forth herein. Defendants' conduct, as alleged herein, has injured Plaintiff and members of the California Plaintiff Class by wrongfully denying them earned compensation, and therefore was substantially injurious to Plaintiff and members of the California Plaintiff Class.

56.   Defendants engaged in unfair competition in violation of the UCL by violating, *inter alia*, each of the following laws:

(A)   California Labor Code, Section 1194.

1       (B)   California Labor Code, Sections 226.7, 512, and I.W.C. Wage Order No.

2 4-2001, Section 11(A).

3       (C)   I.W.C. Wage Order No. 4-2001, Section 12A.

4       (D)   California Labor Code, Sections 201, 202, 203, 204, and 226.

5       (E)   California Labor Code, Sections 1174 and 1174.5 and I.W.C. Wage Order

6 No. 4, Section 7(A).

7       (F)   California Labor Code, Section 510.

8      57.   Defendants' course of conduct, acts, and practices in violation of the California

9 laws mentioned in the above paragraph constitutes a separate and independent instance of

10 unlawful conduct under the UCL. Additionally, Defendants' conduct described herein violates

11 the policy of such laws or otherwise significantly threatens or harms competition and thus

12 constitutes an unfair business practice under the UCL.

13      58.   The harm to the Plaintiff and members of the California Plaintiff Class in being

14 wrongfully denied lawfully earned wages and meal and rest time compensation outweighs the

15 utility, if any, of the Defendants' policies or practices and, therefore, Defendants' actions

16 described herein constitute an unfair business practice or act within the meaning of the UCL.

17      59.   The unlawful and unfair business practices and acts of Defendants, described

18 above, have injured Plaintiff and members of the California Plaintiff Class in that they were

19 wrongfully denied the payment of earned compensation.

20      60.   Further, the unlawful acts and practices of Defendants, as described above, will

21 continue absent injunctive relief available under the UCL. Plaintiff and members of the

22 California Plaintiff Class who wish to resume employment in the field cannot return to work for

23 Defendants unless and until injunctive relief is granted such that they be assured of being paid

24 in accordance with California law.

25      61.   Plaintiff, on behalf of herself and on behalf of members of the California Plaintiff

26 Class, seeks restitution from Defendants of all ill-gotten gains obtained as a result of the unfair

27 business practices described in this Complaint, including, but not limited to, all unlawfully

28 withheld wages, overtime pay, and other compensation.

62.     Plaintiff, on behalf of herself and all other members of the California Plaintiff Class, seeks an order of this Court enjoining the Defendants from engaging in the unlawful and unfair business practices described in this Complaint under the provisions of the UCL.

WHEREFORE, Plaintiff, on behalf of herself and all members of the California Plaintiff Class, prays for judgment and relief as follows:

(1)     Certification of this action as a class action on behalf of the proposed California Plaintiff Class, pursuant to Section 382 of the California Code of Civil Procedure.

(2)     Designation of the named Plaintiff as representative of the California Plaintiff Class.

(3)     Certification of the California Plaintiff Class as a representative class under the UCL, Business & Professions Code, Sections 17200, et seq.

(4)     Class notice to all persons who are similarly situated to Plaintiff.

(5)     A declaratory judgment that the practices complained of herein are unlawful under California law and that Defendants have knowingly and willfully violated such law.

(6)     Appropriate equitable and injunctive relief under the UCL to remedy Defendants' violation of California law, including, but not necessarily limited to, an order enjoining Defendants from continuing their unlawful practices.

(7)     An order of the Court requiring Defendants to establish a common fund of money sufficient to locate, notify, and make full restitution to each and all of Defendants' employees, including those designated as consultants or independent contractors, contrary to fact or law.

(8)     Restitution under the UCL.

(9)     An award of damages to Plaintiff and all members of the California Plaintiff Class according to proof.

(10)    Pre-judgment and post-judgment interest as provided by law.

(11)    Such other injunctive and equitable relief as this Court may deem just and proper.

(12)    Attorney's fees and costs of the suit herein, including expert witness fees, and fees pursuant to California Labor Code, Sections 218.5, 226(e), and 1194; California Code of

1  Civil Procedure, Section 1021.5, and any other applicable state laws.

2       (13)  An award to Plaintiff and members of the California Plaintiff Class of such

3  other and further relief as this court may deem proper and just.

4

5  Dated:  March 27, 2008            PISTONE & WOLDER, LLP

6

7                                       By _____

8                                        Eric J. Medel, Co-Counsel for Plaintiff

9                                        NGUYEN-JENSTAD

10

11  Dated:  March 27, 2008            LAW OFFICES OF JOEL W. BARUCH, PC

12

13                                       By _____

14                                   Joel W. Baruch, Co-Counsel for Plaintiff
                                     NGUYEN-JENSTAD

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT

19

*Copy*

CM-010

| | |
|---|---|
| **ATTORNEY OR PARTY WITHOUT ATTORNEY** *(Name, State Bar number, and address):*<br>Joel W. Baruch · SBN 85903<br>LAW OFFICES OF JOEL W. BARUCH<br>2020 Main St., Suite 900, Irvine, CA  92614<br>TELEPHONE NO.: (949) 864-9662  FAX NO.: (949) 622-8985<br>ATTORNEY FOR *(Name):* Plaintiff PAULINE NGUYEN-JENSTAD, et al. | **FOR COURT USE ONLY**<br>**CONFORMED COPY**<br>OF ORIGINAL FILED<br>Los Angeles Superior Court<br><br>MAR 27 2008<br><br>John A. Clarke, Executive Officer/Clerk<br>BY MARY GARCIA, Deputy |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  LOS ANGELES
STREET ADDRESS: 111 N. Hill Street
MAILING ADDRESS:
CITY AND ZIP CODE: Los Angeles, California 90012
BRANCH NAME: Central

CASE NAME:
Nguyen-Jenstad v. J. P. Morgan-Chase, et al.

| **CIVIL CASE COVER SHEET** | | **Complex Case Designation** | CASE NUMBER:<br>**B C 3 8 8 0 4 5** |
|---|---|---|---|
| [✓] Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | [ ] Limited<br>(Amount<br>demanded is<br>$25,000 or less) | [ ] Counter  [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 1811) | JUDGE:<br><br>DEPT: |

*Items 1–5 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[ ] Wrongful termination (36)
[✓] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 1800–1812)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [ ] is  [✓] is not  complex under rule 1800 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Type of remedies sought *(check all that apply):*
   a. [✓] monetary  b. [ ] nonmonetary; declaratory or injunctive relief  c. [ ] punitive

4. Number of causes of action *(specify):*

5. This case [✓] is  [ ] is not  a class action suit.

6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: March 27, 2008
Joel W. Baruch
(TYPE OR PRINT NAME)                                      (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 201.8.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 1800 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. January 1, 2006]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 201.8, 1800–1812;
Standards of Judicial Administration, § 19
www.courtinfo.ca.gov

American LegalNet, Inc.
www.USCourtForms.com

# INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers**
If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 5 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. You do not need to submit a cover sheet with amended papers. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 201.8(c) and 227 of the California Rules of Court.

**To Parties in Complex Cases**
In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 1800 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

## CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)--Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice– Physicians & Surgeons
  Other Professional Health Care Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip and fall)
  Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  Intentional Infliction of Emotional Distress
  Negligent Infliction of Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
  Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/ Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court Case Matter
  Writ–Other Limited Court Case Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 1800–1812)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of County)
  Confession of Judgment *(non-domestic relations)*
  Sister State Judgment
  Administrative Agency Award *(not unpaid taxes)*
  Petition/Certification of Entry of Judgment on Unpaid Taxes
  Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-harassment)*
  Mechanics Lien
  Other Commercial Complaint Case *(non-tort/non-complex)*
  Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief from Late Claim
  Other Civil Petition

| SHORT TITLE:                                          | CASE NUMBER |
|-------------------------------------------------------|-------------|
| NGUYEN-JENSTAD vs. J.P. MORGAN-CHASE, et al.          |             |

## CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION
### (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

**This form is required pursuant to LASC Local Rule 2.0 in all new civil case filings in the Los Angeles Superior Court.**

Item I. Check the types of hearing and fill in the estimated length of hearing expected for this case:

JURY TRIAL? ☐ YES   CLASS ACTION? ☑ YES   LIMITED CASE? ☐ YES   TIME ESTIMATED FOR TRIAL 14 ☐ HOURS/ ☑ DAYS

Item II. Select the correct district and courthouse location (4 steps – If you checked "Limited Case", skip to Item III, Pg. 4):

**Step 1:** After first completing the Civil Case Cover Sheet Form, find the main civil case cover sheet heading for your case in the left margin below, and, to the right in Column **A**, the Civil Case Cover Sheet case type you selected.

**Step 2:** Check **one** Superior Court type of action in Column **B** below which best describes the nature of this case.

**Step 3:** In Column **C**, circle the reason for the court location choice that applies to the type of action you have checked. For any exception to the court location, see Los Angeles Superior Court Local Rule 2.0.

> **Applicable Reasons for Choosing Courthouse Location (see Column C below)**

1. Class Actions must be filed in the County Courthouse, Central District.
2. May be filed in Central (Other county, or no Bodily Injury/Property Damage).
3. Location where cause of action arose.
4. Location where bodily injury, death or damage occurred.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office.

**Step 4:** Fill in the information requested on page 4 in Item III; complete Item IV.  Sign the declaration.

| | A<br>Civil Case Cover Sheet Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons - See Step 3 Above |
|---|---|---|---|
| **Auto Tort** | Auto (22) | ☐ A7100  Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| | Uninsured Motorist (46) | ☐ A7110  Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1., 2., 4. |
| **Other Personal Injury/Property Damage/Wrongful Death Tort** | Asbestos  (04) | ☐ A6070  Asbestos Property Damage | 2. |
| | | ☐ A7221  Asbestos - Personal Injury/Wrongful Death | 2. |
| | Product Liability (24) | ☐ A7260  Product Liability (not asbestos or toxic/environmental) | 1., 2., 3., 4., 8. |
| | Medical Malpractice (45) | ☐ A7210  Medical Malpractice - Physicians & Surgeons | 1., 2., 4. |
| | | ☐ A7240  Other Professional Health Care Malpractice | 1., 2., 4. |
| | Other Personal Injury Property Damage Wrongful Death (23) | ☐ A7250  Premises Liability (e.g., slip and fall) | 1., 2., 4. |
| | | ☐ A7230  Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1., 2., 4. |
| | | ☐ A7270  Intentional Infliction of Emotional Distress | 1., 2., 3. |
| | | ☐ A7220  Other Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| **Non-Personal Injury/Property Damage/Wrongful Death Tort** | Business Tort (07) | ☐ A6029  Other Commercial/Business Tort (not fraud/breach of contract) | 1., 2., 3. |
| | Civil Rights (08) | ☐ A6005  Civil Rights/Discrimination | 1., 2., 3. |
| | Defamation (13) | ☐ A6010  Defamation (slander/libel) | 1., 2., 3. |
| | Fraud (16) | ☐ A6013  Fraud (no contract) | 1., 2., 3. |

LACIV 109 (Rev. 01/07)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

LASC, rule 2.0
Page 1 of 4

| SHORT TITLE: | CASE NUMBER |
|---|---|
| NGUYEN-JENSTAD vs. J.P. MORGAN-CHASE, et al. | |

| A<br>Civil Case Cover<br>Sheet Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons<br>-See Step 3 Above |
|---|---|---|
| Professional<br>Negligence<br>(25) | ☐ A6017   Legal Malpractice<br>☐ A6050   Other Professional Malpractice (not medical or legal) | 1., 2., 3.<br>1., 2., 3. |
| Other (35) | ☐ A6025   Other Non-Personal Injury/Property Damage tort | 2.,3. |
| Wrongful Termination<br>(36) | ☐ A6037   Wrongful Termination | 1., 2., 3. |
| Other Employment<br>(15) | ☑ A6024   Other Employment Complaint Case<br>☐ A6109   Labor Commissioner Appeals | 1., 2., 3.<br>10. |
| Breach of Contract/<br>Warranty<br>(06)<br>(not insurance) | ☐ A6004   Breach of Rental/Lease Contract (not Unlawful Detainer or wrongful eviction)<br>☐ A6008   Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence)<br>☐ A6019   Negligent Breach of Contract/Warranty (no fraud)<br>☐ A6028   Other Breach of Contract/Warranty (not fraud or negligence) | 2., 5.<br>2., 5.<br>1., 2., 5.<br>1., 2., 5. |
| Collections<br>(09) | ☐ A6002   Collections Case-Seller Plaintiff<br>☐ A6012   Other Promissory Note/Collections Case | 2., 5., 6.<br>2., 5. |
| Insurance Coverage<br>(18) | ☐ A6015   Insurance Coverage (not complex) | 1., 2., 5., 8. |
| Other Contract<br>(37) | ☐ A6009   Contractual Fraud<br>☐ A6031   Tortious Interference<br>☐ A6027   Other Contract Dispute(not breach/insurance/fraud/negligence) | 1., 2., 3., 5.<br>1., 2., 3., 5.<br>1., 2., 3., 8. |
| Eminent<br>Domain/Inverse<br>Condemnation (14) | ☐ A7300   Eminent Domain/Condemnation        Number of parcels_____ | 2. |
| Wrongful Eviction<br>(33) | ☐ A6023   Wrongful Eviction Case | 2., 6. |
| Other Real Property<br>(26) | ☐ A6018   Mortgage Foreclosure<br>☐ A6032   Quiet Title<br>☐ A6060   Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2., 6.<br>2., 6.<br>2., 6. |
| Unlawful Detainer-<br>Commercial (31) | ☐ A6021   Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 2., 6. |
| Unlawful Detainer-<br>Residential (32) | ☐ A6020   Unlawful Detainer-Residential (not drugs or wrongful eviction) | 2., 6. |
| Unlawful Detainer-<br>Drugs (38) | ☐ A6022   Unlawful Detainer-Drugs | 2., 6. |
| Asset Forfeiture (05) | ☐ A6108   Asset Forfeiture Case | 2., 6. |
| Petition re Arbitration<br>(11) | ☐ A6115   Petition to Compel/Confirm/Vacate Arbitration | 2., 5. |

Non-Personal Injury/Property Damage/ Wrongful Death Tort (Cont'd.)
Employment
Contract
Real Property
Unlawful Detainer
Judicial Review

**CIVIL CASE COVER SHEET ADDENDUM<br>AND STATEMENT OF LOCATION**

| SHORT TITLE: | CASE NUMBER |
|---|---|
| NGUYEN-JENSTAD vs. J.P. MORGAN-CHASE, et al. | |

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Judicial Review (Cont'd.)** | Writ of Mandate<br><br>(02) | ☐ A6151  Writ - Administrative Mandamus<br>☐ A6152  Writ - Mandamus on Limited Court Case Matter<br>☐ A6153  Writ - Other Limited Court Case Review | 2., 8.<br>2.<br>2. |
| | Other Judicial Review<br>(39) | ☐ A6150  Other Writ /Judicial Review | 2., 8. |
| **Provisionally Complex Litigation** | Antitrust/Trade<br>Regulation (03) | ☐ A6003  Antitrust/Trade Regulation | 1., 2., 8. |
| | Construction Defect (10) | ☐ A6007  Construction defect | 1., 2., 3. |
| | Claims Involving Mass<br>Tort (40) | ☐ A6008  Claims Involving Mass Tort | 1., 2., 8. |
| | Securities Litigation (28) | ☐ A6035  Securities Litigation Case | 1., 2., 8. |
| | Toxic Tort<br>Environmental  (30) | ☐ A6036  Toxic Tort/Environmental | 1., 2., 3., 8. |
| | Insurance Coverage<br>Claims from Complex<br>Case (41) | ☐ A6014  Insurance Coverage/Subrogation (complex case only) | 1., 2., 5., 8. |
| **Enforcement of Judgment** | Enforcement<br>of Judgment<br><br>(20) | ☐ A6141  Sister State Judgment<br>☐ A6160  Abstract of Judgment<br>☐ A6107  Confession of Judgment (non-domestic relations)<br>☐ A6140  Administrative Agency Award (not unpaid taxes)<br>☐ A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax<br>☐ A6112  Other Enforcement of Judgment Case | 2., 9.<br>2., 6.<br>2., 9.<br>2., 8.<br>2., 8.<br>2., 8., 9. |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033  Racketeering (RICO) Case | 1., 2., 8. |
| | Other Complaints<br>(Not Specified Above)<br><br>(42) | ☐ A6030  Declaratory Relief Only<br>☐ A6040  Injunctive Relief Only (not domestic/harassment)<br>☐ A6011  Other Commercial Complaint Case (non-tort/non-complex)<br>☐ A6000  Other Civil Complaint (non-tort/non-complex) | 1., 2., 8.<br>2., 8.<br>1., 2., 8.<br>1., 2., 8. |
| **Miscellaneous Civil Petitions** | Partnership Corporation<br>Governance(21) | ☐ A6113  Partnership and Corporate Governance Case | 2., 8. |
| | Other Petitions<br>(Not Specified Above)<br><br>(43) | ☐ A6121  Civil Harassment<br>☐ A6123  Workplace Harassment<br>☐ A6124  Elder/Dependent Adult Abuse Case<br>☐ A6190  Election Contest<br>☐ A6110  Petition for Change of Name<br>☐ A6170  Petition for Relief from Late Claim Law<br>☐ A6100  Other Civil Petition | 2., 3., 9.<br>2., 3., 9.<br>2., 3., 9.<br>2.<br>2., 7.<br>2., 3., 4., 8.<br>2., 9. |

**CIVIL CASE COVER SHEET ADDENDUM<br>AND STATEMENT OF LOCATION**

| SHORT TITLE:<br>NGUYEN-JENSTAD vs. J.P. MORGAN-CHASE, et al. | CASE NUMBER |
|---|---|

Item III. Statement of Location: Enter the address of the accident, party's residence or place of business, performance, or other circumstance indicated in Item II., **Step 3** on Page 1, as the proper reason for filing in the court location you selected.

| REASON: CHECK THE NUMBER UNDER COLUMN C<br>WHICH APPLIES IN THIS CASE<br><br>☑1. ☐2. ☐3. ☐4. ☐5. ☐6. ☐7. ☐8. ☐9. ☐10. | ADDRESS:<br>J.P. Morgan-Chase, Los Angeles |
|---|---|
| CITY:<br>Los Angeles | STATE:<br>CA | ZIP CODE: | |

Item IV. *Declaration of Assignment*: I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that the above-entitled matter is properly filed for assignment to the Superior _____ courthouse in the Central _____ District of the Los Angeles Superior Court (Code Civ. Proc., § 392 et seq., and LASC Local Rule 2.0, subds. (b), (c) and (d)).

Dated: March 27, 2008 _____

_____
(SIGNATURE OF ATTORNEY/FILING PARTY)

---

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet form CM-010.

4. Complete Addendum to Civil Case Cover Sheet form LACIV 109 (Rev. 01/07), LASC Approved 03-04.

5. Payment in full of the filing fee, unless fees have been waived.

6. Signed order appointing the Guardian ad Litem, JC form FL-935, if the plaintiff or petitioner is a minor under 18 years of age, or if required by Court.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

---

**CIVIL CASE COVER SHEET ADDENDUM<br>AND STATEMENT OF LOCATION**

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
## NOTICE OF CASE ASSIGNMENT - UNLIMITED CIVIL CASE

Case Number _____

### THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT

BC388045

Your case is assigned for all purposes to the judicial officer indicated below. There is additional information on the reverse side of this form

| ASSIGNED JUDGE | DEPT | ROOM | ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|---|---|---|
| Hon. Gregory Alarcon | 36 | 410 | Hon. William F. Highberger | 32 | 406 |
| Hon. Conrad Aragon | 49 | 509 | Hon. Ernest M. Hiroshige | 54 | 512 |
| Hon. Helen I. Bendix | 18 | 308 | Hon. Jane L. Johnson | 56 | 514 |
| Hon. Elihu M. Berle | 42 | 416 | Hon. Ann I. Jones | 40 | 414 |
| Hon. Tricia Ann Bigelow | 23 | 315 | Hon. Ruth Ann Kwan | 72 | 731 |
| Hon. Kevin C. Brazile | 20 | 310 | Hon. Charles C. Lee | 33 | 409 |
| Hon. Soussan G. Bruguera | 71 | 729 | Hon. Malcolm H. Mackey | 55 | 515 |
| Hon. Susan Bryant-Deason | 52 | 510 | Hon. Rita Miller | 16 | 306 |
| Judicial officer not yet assigned | 13 | 630 | Hon. David L. Minning | 61 | 632 |
| Hon. Victoria Chaney* | 324 | CCW | Hon. Aurelio Munoz | 47 | 507 |
| Hon. Judith C. Chirlin | 19 | 311 | Hon. Mary Ann Murphy | 25 | 317 |
| Hon. Ralph W. Dau | 57 | 517 | Hon. Joanne O'Donnell | 37 | 413 |
| Hon. Maureen Duffy-Lewis | 38 | 412 | Hon. Yvette M. Palazuelos | 28 | 318 |
| Hon. James R. Dunn | 26 | 316 | Hon. Mel Red Recana | 45 | 529 |
| Hon. Mark Mooney | 68 | 617 | Hon. Alan S. Rosefield | 31 | 407 |
| Hon. William F. Fahey | 78 | 730 | Hon. Teresa Sanchez-Gordon | 74 | 735 |
| Hon. Irving S. Feffer | 51 | 511 | Hon. John P. Shook | 53 | 513 |
| Hon. Edward A. Ferns | 69 | 621 | Hon. Ronald M. Sohigian | 41 | 417 |
| Hon. Kenneth R. Freeman | 64 | 601 | Hon. Michael C. Solner | 39 | 415 |
| Hon. Richard Fruin | 15 | 307 | Hon. Michael L. Stern | 62 | 600 |
| Hon. Terry A. Green | 14 | 300 | Hon. Rolf M. Treu | 58 | 516 |
| Hon. Elizabeth A. Grimes | 30 | 400 | Hon. Elizabeth Allen White | 48 | 506 |
| Hon. Paul Gutman | 34 | 408 | Hon. John Shepard Wiley Jr. | 50 | 508 |
| Hon. Robert L. Hess | 24 | 314 | Hon. Mary Thornton-House | 17 | 309 |
| | | | Other | | |

*Class Actions

Given to the Plaintiff/Cross-Complainant/Attorney of Record on _____     JOHN A. CLARKE, Executive Officer/Clerk

By _____, Deputy Clerk

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Otis D. Wright II and the assigned discovery Magistrate Judge is Jeffrey W. Johnson.

The case number on all documents filed with the Court should read as follows:

## CV08- 2865 ODW (JWJx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| | | |
|---|---|---|
| **[X] Western Division**<br>312 N. Spring St., Rm. G-8<br>Los Angeles, CA 90012 | **[ ] Southern Division**<br>411 West Fourth St., Rm. 1-053<br>Santa Ana, CA 92701-4516 | **[ ] Eastern Division**<br>3470 Twelfth St., Rm. 134<br>Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

| **I (a)  PLAINTIFFS** (Check box if you are representing yourself ☐) | **DEFENDANTS** |
|---|---|
| PAULINE NGUYEN-JENSTAD, on behalf of herself and those similarly situated | J.P. MORGAN-CHASE, a corporation; and DOES 1 through 100, inclusive |

| **(b)** County of Residence of First Listed Plaintiff (Except in U.S. Plaintiff Cases): | County of Residence of First Listed Defendant (In U.S. Plaintiff Cases Only): |
|---|---|
| | |

| **(c)** Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) | Attorneys (If Known) |
|---|---|
| Eric J. Medel, SB# 211808<br>PISTONE & WOLDER, LLP<br>2020 Main Street<br>Suite 900<br>Irvine, CA 92614<br>949.622.8980 | Barbara J. Miller, SB# 167223<br>MORGAN, LEWIS & BOCKIUS LLP<br>5 Park Plaza<br>Suite 1750<br>Irvine, CA 92614<br>949.399.7000 |

**II.   BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff   ☐ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant   ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III.   CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV.   ORIGIN** (Place an X in one box only.)

☐ 1 Original Proceeding   ☒ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify):   ☐ 6 Multi-District Litigation   ☐ 7 Appeal to District Judge from Magistrate Judge

**V.   REQUESTED IN COMPLAINT:   JURY DEMAND:** ☐ Yes ☒ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☒ Yes ☐ No   ☐ **MONEY DEMANDED IN COMPLAINT: $** $5,000,000 +

**VI.   CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

28 U.S.C. Section 1332(a) diversity action where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between citizens of different states; 28 U.S.C. Section 1332(d) class action with complete diversity of citizenship between one or more members of the class and Defendant, (continued on page 3)

**VII.   NATURE OF SUIT (Place an X in one box only.)**

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | ☐ 740 Railway Labor Act |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | **BANKRUPTCY** | ☐ 540 Mandamus/ Other | ☒ 790 Other Labor Litig. |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 550 Civil Rights | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 555 Prison Condition | **PROPERTY RIGHTS** |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | **FORFEITURE/PENALTY** | ☐ 820 Copyrights |
| ☐ 810 Selective Service | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 610 Agriculture | ☐ 830 Patent |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 160 Stockholders' Suits | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 620 Other Food & Drug | ☐ 840 Trademark |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 190 Other Contract | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Acco-mmodations | ☐ 625 Drug Related Seizure of Property 21 USC 881 | **SOCIAL SECURITY** |
| ☐ 890 Other Statutory Actions | ☐ 195 Contract Product Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 891 Agricultural Act | ☐ 196 Franchise | | ☐ 445 American with Disabilities - Employment | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 892 Economic Stabilization Act | **REAL PROPERTY** | | ☐ 446 American with Disabilities - Other | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 893 Environmental Matters | ☐ 210 Land Condemnation | | ☐ 440 Other Civil Rights | ☐ 660 Occupational Safety/Health | ☐ 864 SSID Title XVI |
| ☐ 894 Energy Allocation Act | ☐ 220 Foreclosure | | | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 895 Freedom of Info. Act | ☐ 230 Rent Lease & Ejectment | | | | **FEDERAL TAX SUITS** |
| ☐ 900 Appeal of Fee Determina-tion Under Equal Access to Justice | ☐ 240 Torts to Land | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | | | | ☐ 871 IRS - Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | | | | |

**VIII(a).   IDENTICAL CASES:** Has this action been previously filed and dismissed, remanded or closed? ☒ No ☐ Yes
If yes, list case number(s):

## CV08 02865 ODW (JWJx)

**FOR OFFICE USE ONLY:**   Case Number: _____

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL COVER SHEET**

**AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.**

VIII(b). **RELATED CASES:** Have any cases been previously filed that are related to the present case?   [X] No   [ ] Yes

If yes, list case number(s): _____

**Civil cases are deemed related if a previously filed case and the present case:**

(Check all boxes that apply)   [ ] A. Arise from the same or closely related transactions, happenings, or events; or

[ ] B. Call for determination of the same or substantially related or similar questions of law and fact; or

[ ] C. For other reasons would entail substantial duplication of labor if heard by different judges; or

[ ] D. Involve the same patent, trademark or copyright, <u>and</u> one of the factors identified above
in a, b or c also is present.

---

**IX.  VENUE:** List the California County, or State if other than California, in which **EACH** named plaintiff resides (Use an additional sheet if necessary)

[ ] Check here if the U.S. government, its agencies or employees is a named plaintiff.

Defendant is informed and believes, and on that basis, alleges, that Plaintiff
resides in Orange County.

List the California County, or State if other than California, in which **EACH** named defendant resides.   (Use an additional sheet if necessary)

[ ] Check here if the U.S. government, its agencies or employees is a named defendant.

DELAWARE, NEW YORK

List the **California County,** or State if other than California, in which **EACH** claim arose.   (Use an additional sheet if necessary)

**Note:** In land condemnation cases, use the location of the tract of land involved.

Based upon information and belief, each claim arose in Orange County and/or Los
Angeles County.

**X.  SIGNATURE OF ATTORNEY (OR PRO PER):** _____   Date May 1, 2008
Barbara J. Miller

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

---

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

| SHORT TITLE: PAULINE NGUYEN-JENSTAD V. J.P. MORGAN CHASE, ET AL. | CASE NUMBER: |
|---|---|

1  VI. CAUSE OF ACTION (continued)

2  and the amount in controversy exceeds, in the aggregate, $5,000,000,

3  exclusive of interests and costs.

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26  *(Required for verified pleading)*  The items on this page stated on information and belief *(specify item numbers, **not** line numbers):*

27  This page may be used with any Judicial Council form or any other paper filed with this court.   Page 3

Form Approved by the
Judicial Council of California
MC-020 [New January 1, 1987]
Optional Form

**ADDITIONAL PAGE**
Attach to Judicial Council Form or Other Court Paper

Legal
Solutions
Plus

CRC 201, 501

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
**INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM**
Authority for Civil Cover Sheet

The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

I. (a) PLAINTIFFS - DEFENDANTS. Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a Government Agency use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official giving both name and title.

(b) County of Residence. For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: in land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

(c) Attorneys. Enter firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section ("see attachment"). Refer to Local Rules 83-2.7 and 41-6 for further information regarding change of attorney name, address, firm association, phone number, fax number or e-mail address, and dismissal of action for failure of pro se plaintiff to keep Court apprised of current address.

II. JURISDICTION. The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdiction be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States Plaintiff. (1) Jurisdiction is based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.

United States Defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal Question. (3) This refers to suits under 28 U.S.C. 1331 where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, and act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code take precedence and box 1 or 2 should be marked.

Diversity of Citizenship. (4) This refers to suits under 28 U.S.C. 1332 where parties are citizens of different states. When box 4 is checked, the citizenship of the different parties must be checked. (See Section III below) (Federal question actions take precedence over diversity cases.)

III. RESIDENCE (CITIZENSHIP) OF PRINCIPAL PARTIES. This section of the CV-71 (JS-44) is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

IV. ORIGIN. Place an "X" in one of the seven boxes:

(1) Original Proceedings. Cases which originate in the United States District Courts.
(2) Removed from State Court. Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C. Section 1441. When the petition for removal is granted, check this box.
(3) Remanded from Appellate court. Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
(4) Reinstated or Reopened. Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
(5) Transferred from Another District. For cases transferred under Title 28 U.S.C. Section 1404(a). DO NOT use this for within-district transfers or multidistrict litigation transfers. When this box is checked, DO NOT check (6) below.
(6) Multidistrict Litigation. Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, DO NOT check (5) above.
(7) Appeal to District Judge from Magistrate Judgment. Check this box for an appeal from a magistrate judge's decision.

V. REQUESTED IN COMPLAINT.
Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

VI. CAUSE OF ACTION. Report the civil statute directly related to the cause of action and give a brief description of the cause of action. Do not cite jurisdictional statues unless diversity.          Example: U.S. Civil Statute: 47 USC 553
          Brief Description: Unauthorized reception of cable service

VII. NATURE OF SUIT. Place an "X" in the appropriate box. MARK ONE BOX ONLY. If the cause of action fits more than one nature of suit, select the one that best describes your cause of action.

VIII(a) IDENTICAL CASES. Indicate if an identical action has previously been filed and dismissed, remanded or closed. Insert the docket number and judge's name, if applicable.

VIII(b) RELATED CASES. This section of the CV-71 (JS-44) is used to reference related cases, if any. If there are related cases, insert the docket numbers and the corresponding judge's name for each case. Check all boxes that apply.

IX. VENUE. This section of the CV-71 (JS-44) is used to identify the correct division in which the case will be filed. Please remember to indicate the residence of EACH plaintiff and defendant and the county or state in which each claim arose.

If the United States government or an agency thereof is a plaintiff or defendant, place an "X" in the appropriate box. Indicate the residence of other parties, if any.

In each category: for each party and claim, indicate the county, if in California. If other than California, you need only to list the state or country.

X. Attorney or party appearing pro per must sign and date this form.