PISTONE & WOLDER, LLP
Thomas A. Pistone SBN 77774
Michael K. Wolder SBN 144821
Eric J. Medel SBN 211808
2020 Main Street, Suite 900
Irvine, California 92614
Telephone: (949) 622-8980
Facsimile:  (949) 622-8985

LAW OFFICES OF JOEL W. BARUCH, P.C.
Joel W. Baruch SBN 85903
2020 Main Street, Suite 900
Irvine, California  92614-8203
Tel:  (949) 864-9662
Fax:  (949) 851-3185

Attorneys for Plaintiff, PAULINE NGUYEN-JENSTAD, on behalf of herself and others
similarly situated

**BY FAX**

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAULINE NGUYEN-JENSTAD, on behalf of herself and those similarly situated,<br><br>Plaintiffs,<br><br>VS.<br><br>JPMORGAN CHASE BANK, N.A., a corporation; CHASE BANK USA, N.A., a corporation;<br><br>Defendants. | CASE NO.  CASE NO.   CV08-02865 ODW (JWJx)<br><br>**CLASS ACTION**<br><br>**FIRST AMENDED COMPLAINT FOR:**<br><br>1. **Failure to Pay Overtime Compensation (Labor Code 510, 1194)**<br>2. **Failure to Provide Adequate Meal Periods (Labor Code 226.7, 512; I.W.C. Wage Order No. 4)**<br>3. **Failure to Provide Rest Time (I.W.C. Wage Order No. 4)**<br>4. **Failure to Furnish Accurate Wage Statements (Labor Code 226, 226.3; I.W.C. Wage Order No. 4)**<br>5. **Failure to Keep Accurate Payroll Records (Labor Code 1174, 1174.5; I.W.C. Wage Order No. 4)**<br>6. **Waiting Time Penalties (Labor Code, 201, et seq.)**<br>7. **Unfair Business Practices (Business and Professions Code 17200, et seq.)**<br><br>**DEMAND FOR JURY TRIAL** |

-1-

FIRST AMENDED COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

1

2    Plaintiff, PAULINE NGUYEN-JENSTAD, alleges, on behalf of herself and others

3    similarly situated, as follows:

4                                    **INTRODUCTION**

5        1.    Plaintiff brings this claim individually and as a class action under California Code

6    of Civil Procedure, Section 382. The claims are asserted by Plaintiff as a class action

7    representative on behalf of all similarly situated persons, whether designated by Defendant, JP

8    MORGAN CHASE BANK, N.A. and CHASE BANK USA, N.A. (hereafter referred to as

9    CHASE) as employees, or, contrary to fact and law, as consultants or independent contractors,

10   who are or were employed by Defendant CHASE in California, and who performed non-exempt

11   underwriting work on "wholesale" and/or "retail" mortgage loans for the clients and/or

12   customers of Defendant CHASE in the mortgage loan business.

13       2.    The class action claims are for overtime compensation, statutory penalties,

14   interest, costs and attorney's fees for all similarly-situated workers, whether designated by

15   Defendant CHASE as employees, or, contrary to fact and law, as consultants or independent

16   contractors, who are or were employed by Defendant CHASE in California, and who performed

17   non-exempt underwriting work on "wholesale" and/or "retail" mortgage loans for the clients

18   and/or customers of Defendant CHASE in the mortgage loan business.  Included in the class

19   action claims are claims for unpaid meal period pay, unpaid rest period pay, waiting pay,

20   statutory penalties, interest, and attorney's fees and costs, under California Labor Code Sections

21   203, 218.5, and California Code of Civil Procedure, Section 1021.5. Also included under the

22   class action claims are claims pursuant to the California Unfair Competition Law (hereafter

23   "UCL"), Business & Professions Code, Sections 17200, et seq., including injunctive relief and

24   restitution from Defendant CHASE's unlawful practices, including failure to pay overtime,

25   failure to provide meal and rest periods, failure to provide accurate wage statements, and failure

26   to keep daily payroll records showing the actual hours worked by Plaintiff and other similarly

27   situated individuals in California.

28       3.    The class action is brought on behalf of all current and former senior and junior

FIRST AMENDED COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

2

1 │ underwriters, whether designated by Defendant CHASE as employees, or, contrary to fact and

2 │ law, as consultants or independent contractors, employed by Defendant CHASE in California

3 │ at any time within four years prior to the filing of this complaint through the date of the final

4 │ disposition of this action (entitled "the California Class Period"), and who were, are, or will be

5 │ performing non-exempt work for which they are or were entitled to overtime pay under

6 │ California law.

7 │

8 │ **PARTIES**

9 │     4.    Plaintiff NGUYEN-JENSTAD is, and at all relevant times herein mentioned was,

10 │ an individual residing in the State of California. Plaintiff NGUYEN-JENSTAD works, and

11 │ worked for, Defendant CHASE as an underwriter of mortgage loans during the California Class

12 │ Period, was wrongfully considered by Defendant CHASE as an exempt employee, and was paid

13 │ a salary at different levels according to her work experience.

14 │     5.    During Plaintiff's employment with Defendant CHASE, Plaintiff had little or

15 │ no control over her work details, all of which were controlled and managed by Defendant

16 │ CHASE, and/or by its clients and customers. Such details included when to perform the work

17 │ and the manner or means in which the work was performed. Defendant CHASE required

18 │ Plaintiff to be present on a daily and regular basis at its offices and to perform the specific work

19 │ provided to Plaintiff each day. Plaintiff's schedule was set exclusively by Defendant CHASE

20 │ on a regular and daily basis, and she was required to work at home and on mandatory weekends.

21 │ Plaintiff had no interest in the profits from Defendant CHASE's business, or from any of the

22 │ work they performed, and Plaintiff had no authority to hire or provide employees besides herself.

23 │ Plaintiff was not required to hold any license from any state or federal agency to perform her job

24 │ duties. Plaintiff regularly worked in excess of 40 hours per week and/or 8 hours per day, and

25 │ also on weekends, without receiving any overtime compensation as required by California law.

26 │ Plaintiff was paid on a salary basis; however, Plaintiff claims that she was nothing more than an

27 │ hourly-paid employee and treated like one by Defendant CHASE.

28 │     6.    In addition, Plaintiff did not receive an uninterrupted meal period of at least 30

3

1  minutes at appropriate work intervals during her employment by Defendant CHASE and, also,

2  did not receive additional compensation for such missed meal periods. Plaintiff also did not

3  receive 10 minutes of net rest time for every 4 hours of work or major fraction thereof and

4  received no additional compensation for such missed rest periods. Defendant CHASE also did

5  not provide Plaintiff with an itemized statement of total hours worked with each payment of

6  wages.

7       7.      During her employment with Defendant CHASE, Plaintiff was required to work

8  in the office Monday through Friday, was required to work at home after hours during the

9  weekday, and was required to work mandatory weekends.

10      8.      Plaintiff is informed and believes, and thereon alleges, that Defendant CHASE

11  is a national company which was and is registered to do business in the State of California, and

12  which maintains several offices within the State of California where it employs senior and junior

13  underwriters to underwrite "wholesale" and "retail" mortgage loans for clients and customers.

14      9.      Plaintiff is not aware of the true names and/or capacities of those entities or

15  individuals sued herein as DOES 1 through 100, inclusive, and therefore sues these defendants

16  by their fictitious names. Plaintiff will seek leave of this Court to amend this complaint to insert

17  their true names and/or capacities when the same are ascertained.

18      10.     Unless otherwise specified herein, each of the defendants was and is the agent and

19  employee of the remaining defendants, each defendant acted in all pertinent respect as the agent

20  of the remaining defendants, and each defendant carried out a joint scheme, business plan, or

21  policy in all respects pertinent hereto, and the acts of each defendant are legally attributable to

22  the remaining defendants.

23

24                          **GENERAL ALLEGATIONS**

25      11.     Plaintiff alleges that, at all relevant times herein mentioned, Defendant CHASE

26  provides "wholesale" and "retail" mortgage loans to other business entities and members of the

27  general public.

28      12.     Plaintiff alleges that she, and others similarly situated, were hired as underwriters

FIRST AMENDED COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

4

1   by Defendants to underwrite these "wholesale" and "retail" loans, to apply strict mortgage

2   guidelines formulated by Defendants for the purpose of making "wholesale" and "retail" loans

3   to other business entities and members of the general public, and to then have their work

4   approved by others in management of Defendants.  Plaintiff, and others similarly situated, had

5   little or no authority to exercise their own opinion, judgment, and decision-making authority on

6   any loans which were provided to them to review.

7        13.    Plaintiff alleges that she, and others similarly situated, were required to work in

8   the offices of Defendants on a regular basis during the normal work week of Monday through

9   Friday, however, because of the sheer volume of the files provided to them, were also required

10  to work at home at night during the weekdays and, also, to work on weekends, with some of the

11  weekends classified as "mandatory weekends".

12       14.    Plaintiff alleges that companies other than Defendants provided what are

13  known as "contract" underwriters who regularly worked at the offices in California maintained

14  by Defendants.  These "contract" underwriters performed essentially the same functions as

15  Plaintiff, and others similarly situated who were employed by Defendants.  These "contract"

16  underwriters were paid overtime compensation by their companies under circumstances where

17  overtime compensation was required by the laws of the State of California.

18       15.    Plaintiff alleges that she, and others similarly situated, did not supervise any other

19  underwriting employees of Defendants and, in fact, were required to obtain signature authority

20  from management for loans which they underwrote.

21       16.    Plaintiff alleges that she, and others similarly situated, frequently and usually

22  worked more than 8 hours per day and/or more than 40 hours per week.  Plaintiff further alleges

23  that, in order to avoid the payment of overtime compensation, Defendants paid Plaintiff, and

24  others similarly situated, a salary rather than an hourly wage.  Plaintiff further alleges that

25  Defendants did not keep time records of Plaintiff's employment, and of those others similarly

26  situated, however, Defendants would require Plaintiff and those others similarly situated to

27  complete the underwriting of a specific number of files on each workday or face penalties,

28  including, but not limited to, warnings, suspension and termination.  For the period of time

1   herein mentioned, Plaintiff, and those others similarly situated, did not receive any overtime

2   compensation, although it was common for Plaintiff and those others similarly situated to work

3   60 hours or more on a weekly basis to keep up with the demands and requirements of

4   Defendants.

5          17.    Plaintiff alleges that she, and others similarly situated, were routinely not provided

6   a 30 minute off-duty meal period when they worked more than 5 hours per day and a second 30

7   minute off-duty meal period when they worked more than 10 hours per day.  Plaintiff further

8   alleges that she, and others similarly situated, were not compensated for the meal time that they

9   were not accorded.

10         18.    Plaintiff alleges that she, and others similarly situated, were not given 10 minutes

11  of net rest time for every 4 hours of work or a major fraction thereof.  Plaintiff further alleges

12  that she, and others similarly situated, were not compensated for the missed rest periods.

13         19.    At all relevant times herein mentioned, Defendants misclassified Plaintiff and all

14  others similarly situated for purposes of avoiding overtime compensation, all in violation of

15  California law.  Plaintiff alleges that this misclassification scheme was deliberate and willful.

16         20.    At all relevant times herein mentioned, Defendants failed to timely pay overtime

17  compensation to all class Plaintiffs at the conclusion of their employment.

18         21.    At all relevant times herein mentioned, Defendants classified Plaintiff, and others

19  similarly situated, as "exempt" for purposes of California laws relating to meal period, rest

20  period, itemized pay statements and record-keeping requirements.

21         22.    As a proximate result of Defendants misclassifying Plaintiff, and others similarly

22  situated, as "exempt" from California record-keeping requirements, Plaintiff alleges that

23  Defendants did not record the actual hours worked by her and those others similarly situated.

24         23.    As a proximate result of Defendants misclassifying Plaintiff, and others similarly

25  situated, as "exempt" from California's record-keeping requirements, Defendants' policy and

26  practice was to not keep payroll records showing the actual hours worked per day and per week

27  by such workers.

28         24.    As a proximate result of Defendants misclassifying Plaintiff, and others similarly

FIRST AMENDED COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

1  situated, as "exempt", Defendants failed to provide a 30 minute off-duty period to her and those
2  others similarly situated who worked more than 5 hours in a day and, further, failed to provide
3  an additional 30 minute off-duty period for her and those others similarly situated who worked
4  more than 10 hours per day.

5      25.   As a proximate result of Defendants misclassifying Plaintiff, and others similarly
6  situated, as "exempt", Defendants failed to provide 10 minutes of net rest time for every 4 hours
7  of work or major fraction thereof to her and those others similarly situated.

8      26.   As a proximate result of Defendants misclassifying Plaintiff, and those others
9  similarly situated, as "exempt" from California's itemized pay statement requirements,
10  Defendants' policy and practice was to not itemize the total hours worked on wage statements
11  furnished to Plaintiff and those others similarly situated.

12      27.   As a proximate result of Defendants' misclassifying Plaintiff, and others similarly
13  situated, as "exempt", Defendants willfully and knowingly failed to pay her and/or those others
14  similarly situated employee who separated from the employment with Defendants, all accrued
15  overtime compensation, rest period pay, and meal period pay at the time of their termination
16  from the employment.

18                    **CLASS ACTION ALLEGATIONS**

19      28.   Plaintiff brings this action on behalf of herself, and all others similarly situated,
20  who worked for Defendants, as a class action pursuant to the terms of California Code of Civil
21  Procedure, Section 382. The class that Plaintiff seeks to represent is composed of and defined
22  as follows:

> All persons, whether designated by Defendants as an employee, or, contrary to fact and law, as a consultant or independent contractor, who are employed or have been employed by Defendants in California as senior and/or junior underwriters of "wholesale" or "retail" mortgage loans for clients or customers of Defendants, who are misclassified by Defendants as "exempt" employees and who are required by Defendants to work without being compensated for overtime pay, without being provided and compensated for meal periods, and without being provided and compensated for rest time periods.

FIRST AMENDED COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

7

29.     Plaintiff and members of the California Plaintiff Class worked in excess of 40 hours per week and/or 8 hours per day without being paid overtime compensation by Defendants, as required by California law.  In addition, Plaintiff and members of the California Plaintiff Class have been denied 30 minutes meal periods and have not been paid meal period compensation in violation of California Labor Code Sections 226.7 and 512 and California I.W.C. Wage Order No. 4.  In addition, Plaintiff and members of the California Plaintiff Class have been denied 10 minutes of rest time for every 4 hours of work or major fraction thereof in violation of California Wage Order No. 4.  In addition, Plaintiff and members of the California Plaintiff Class have been denied an itemized statement of total hours worked with each payment of wages, as required by California Labor Code, Section 226, and/or in violation of the California Business & Professions Code, Sections 17200-17208.  In addition, Plaintiff and/or members of the California Plaintiff class have not been timely paid their total accrued compensation at the time of their termination of employment, in violation of California Labor Code, Sections 201-203, and/or in violation of California Business & Professions Code, Sections 17200-17208.

30.     The claims herein have been brought and may properly be maintained as a class action pursuant to Section 382 of the California Code of Civil Procedure, because there is a well-defined community of interest among ascertainable class members with respect to the claims asserted herein and the proposed class is easily ascertainable:

(A)     Numerosity: The potential members of the California Plaintiff Class, as defined herein, are so numerous that joinder would be impractical.

(B)     Commonality: There are questions of law and fact common to Plaintiff and the California Plaintiff Class that predominate over any questions affecting only individual members of the class.  These common questions of law and fact include, but are not limited to, the following:

(1)     Whether the members of the California Plaintiff Class are non-exempt or exempt for overtime compensation purposes.

(2)     Whether Defendants failed and continue to fail to pay overtime

FIRST AMENDED COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

o

1   compensation for hours worked in excess of 8 hours per day and/or 40 hours per week or

2   otherwise failed to appropriately pay overtime compensation.

3           (3)    Whether Defendants violated California law by their failure to pay

4   the California Plaintiff Class overtime compensation.

5           (4)    Whether Defendants' failure to pay overtime compensation to the

6   members of the California Plaintiff Class constitutes an unlawful, unfair, and/or fraudulent

7   business practice under the auspices of California Business & Professions Code, Sections 17200,

8   et seq.

9           (5)    Whether the members of the California Plaintiff Class were and

10   are subject to, and not exempt from, the itemized pay statements requirements of California

11   Labor Code, Section 226.

12           (6)    Whether Defendants knowingly and intentionally failed to provide

13   members of the California Plaintiff Class with an itemized statement showing total hours worked

14   with each payment of wages, as required by California Labor Code, Section 226.

15           (7)    Whether Defendants' failure to provide members of the California

16   Plaintiff Class with an itemized statement showing hours works with each payment of wages

17   constitutes an unlawful, unfair, and/or fraudulent business practice under the auspices of

18   California Business & Professions Code, Sections 17200, et seq.

19           (8)    Whether the members of the California Plaintiff Class were and are

20   subject to, and not exempt, from California Labor Code, Section 1174 and California I.W.C.

21   Wage Order No. 4 record-keeping requirements.

22           (9)    Whether Defendants violated California Labor Code Section 1174

23   and California I.W.C. Wage Order No. 4 (section 7), by failing to maintain documentation on

24   the actual hours worked each day by the members of the California Plaintiff Class.

25           (10)    Whether Defendants' failure to maintain documentation of actual

26   hours worked by members of the California Plaintiff Class constitutes an unlawful, unfair, and/or

27   fraudulent business practice under the auspices of California Business & Professions Code,

28   Sections 17200, et seq.

1    (11)    Whether the members of the California Plaintiff Class were and are

2  subject to, and not exempt from, California Labor Code, Sections 226.7 and 512, and California

3  I.W.C. Wage Order No. 4 relating to off-duty meal period requirements.

4    (12)    Whether Defendants violated California Labor Code, Sections

5  226.7 and 512 and California I.W.C. Wage Order No. 4 (section 11), by their failure to provide

6  adequate off-duty meal periods and/or meal period compensation to members of the California

7  Plaintiff Class.

8    (13)    Whether Defendants' failure to provide adequate off-duty meal

9  periods and/or meal period compensation to members of the California Plaintiff Class constitutes

10  an unlawful, unfair, and/or fraudulent business practice under the auspices of the California

11  Business and Professions Code, Sections 17200, et seq.

12    (14)    Whether the members of the California Plaintiff Class were and

13  are subject to, and not exempt from, the California I.W.C. Wage Order No. 4 rest period

14  requirements.

15    (15)    Whether Defendants violated California I.W.C. Wage Order No. 4

16  (section 12[A]), by their failure to provide adequate rest periods and/or rest period compensation

17  to members of the California Plaintiff Class.

18    (16)    Whether Defendants' failure to provide adequate rest periods and/or

19  rest period compensation to members of the California Plaintiff Class constitutes an unlawful,

20  unfair, and/or fraudulent business practice under the auspices of California Business &

21  Professions Code, Sections 17200, et seq.

22    (17)    Whether Defendants violated California Labor Code, Sections

23  201-203 by their failure to timely pay members of the California Plaintiff Class the wages due

24  for overtime compensation and meal/ rest period pay at the time of their termination from the

25  employment.

26    (18)    The proper formula for calculating wages, restitution, damages,

27  and waiting time and other statutory penalties owed to Plaintiff and members of the California

28  Plaintiff Class.

1            (C)    <u>Typicality</u>: Plaintiff's claims are typical of the members of the California

2    Plaintiff Class.  Defendants' common course of unlawful conduct has caused Plaintiff and

3    members of the California Plaintiff Class to sustain the same or similar damages and injuries

4    caused by the same and/or similar practices of Defendants.  Plaintiff's claims are therefore

5    representative of the claims of the California Plaintiff Class.

6            (D)    <u>Adequacy of Representation:</u> Plaintiff and members of the California

7    Plaintiff Class do not have any conflicts of interest with other class members and will prosecute

8    the case vigorously on behalf of the entire class.  Counsel who represent Plaintiff are competent

9    and experienced in litigating complex actions pertaining to employment practices, including

10   class actions for wages pursuant to California and federal law.  Plaintiff will fairly and

11   adequately represent and protect the interests of the other members of the California Plaintiff

12   Class.

13           (E)    <u>Predominance of Common Questions:</u> Class certification is appropriate

14   because questions of law and fact common to the California Plaintiff Class predominate over any

15   questions affecting only individual members of the class.  Each member of the class has been

16   damaged and is entitled to recovery by reason of Defendants' illegal policy and/or practice of

17   permitting members of the California Plaintiff Class to work in excess of 8 hours per day and/or

18   in excess of 40 hours per week without paying proper overtime compensation as required under

19   California law; failing to provide itemized statements of total hours worked with each payment

20   of wages; failing to provide uninterrupted meal periods of at least 30 minutes or to pay for the

21   missed meal periods; failing to provide 10 minutes of rest time for every 4 hours of work or

22   major fraction thereof, or to pay for the missed rest periods; and failing to pay overtime

23   compensation due at the time that each former employee's employment with Defendants ended,

24   making Defendants liable for penalties in the form of continued compensation for up to 30 days.

25   These foregoing common questions of law and fact predominate over any issues affecting less

26   than the entire class.

27   ///

28   ///

# CLASS ACTION CLAIMS

## FIRST CAUSE OF ACTION

**(Failure to Pay Overtime Compensation- Pursuant to California Labor Code, Sections 510 and 1194 and I.W.C. Wage Order No. 4- Brought by Plaintiff NGUYEN-JENSTAD, Individually and On Behalf of All Members of California Plaintiff Class Against All Defendants)**

31.   Plaintiff realleges and incorporates herein those matters contained in paragraphs 1 through 30 as though fully set forth.

32.   At all times herein mentioned, California law required employers, such as the named Defendants herein, to pay overtime compensation to all non-exempt employees.

33.   At all times herein mentioned, Defendants have misclassified Plaintiff and members of the California Plaintiff Class as exempt from overtime pay entitlement and have failed and refused to pay them overtime compensation for their overtime hours worked.

34.   As a direct result of the aforesaid unlawful conduct of Defendants, Plaintiff and members of the California Plaintiff Class have sustained damages, including loss of overtime compensation, together with any statutory penalties and attorney's fees owed, all in an amount according to proof at trial.

## SECOND CAUSE OF ACTION

**(Failure to Provide Adequate Meal Periods- Pursuant to California Labor Code Sections 226.7 and 512 and I.W.C. Wage Order No. 4- Brought by Plaintiff NGUYEN-JENSTAD, Individually and On Behalf of All Members of the California Plaintiff Class Against All Defendants)**

35.   Plaintiff realleges and incorporates herein those matters contained in paragraphs 1 through 34 as though fully set forth.

1      36.    At all times herein mentioned, Plaintiff and members of the California Plaintiff

2  Class regularly worked in excess of five hours per day without being afforded at least a 30

3  minutes meal period in which they were relieved of all duties, as required by California Labor

4  Code, Sections 226.7 and 512 and by I.W.C. Wage Order No. 4 (section 11[A]).

5      37.    Because Defendants have failed to afford proper meal periods, they are liable to

6  Plaintiff and members of the California Plaintiff Class for one hour of additional pay at the

7  regular rate of compensation for each workday that proper meal periods were not provided,

8  pursuant to California Labor Code, Sections 226.7 and 512 and I.W.C. Wage Order No. 4

9  (section 11[B]) during the relevant period.

10      38.    As a direct result of the aforesaid unlawful conduct of Defendants, Plaintiff and

11  the members of the California Plaintiff Class have been damaged in an amount according to

12  proof at trial.

13

14                    **THIRD CAUSE OF ACTION**

15          **(Failure to Provide Rest Time- Pursuant to I.W.C. Wage Order No. 4-**

16          **Brought by Plaintiff NGUYEN-JENSTAD, Individually and On Behalf**

17          **of Members of the California Plaintiff Class Against All Defendants)**

18      39.    Plaintiff realleges and incorporates herein those matters contained in paragraphs

19  1 through 38 as though fully set forth.

20      40.    At all times herein mentioned, Section 12(A) of California I.W.C. Wage Order

21  No. 4 requires Defendants to provide employees 10 minutes of net rest time for every 4 hours

22  of work or major fraction thereof.  Plaintiff and members of the California Plaintiff Class

23  regularly worked in excess of 4 hours per day without being afforded 10 minutes of net rest

24  times as required by law.

25      41.    Because Defendants have failed to afford proper rest times, they are liable to

26  Plaintiff and members of the California Plaintiff Class for one hour of additional pay at the

27  regular rate of compensation for each workday that proper rest time periods were not provided,

28  pursuant to California I.W.C. Wage Order No. 4 (section 12[B]), during the relevant period.

1   42.   As a direct result of the aforesaid unlawful conduct of Defendants, Plaintiff and

2   the members of the California Plaintiff Class have been damaged in an amount according to

3   proof at trial.

4

5   **FOURTH CAUSE OF ACTION**

6   **(Failure to Furnish Accurate Wage Statements- Pursuant to**

7   **California Labor Code, Sections 226 and 226.3 and I.W.C. Wage**

8   **Order No. 4- Brought by Plaintiff NGUYEN-JENSTAD,**

9   **Individually and Behalf of Members of the California Plaintiff**

10   **Class Against All Defendants)**

11   43.   Plaintiff realleges and incorporates herein those matters contained in paragraphs

12   1 through 42 as though fully set forth.

13   44.   At all times herein mentioned, California Labor Code, Section 226(a) and I.W.C.

14   Wage Order No. 4 (section 7[B]) require employers semi-monthly or at the time of each payment

15   of wages to furnish each California employee with a statement itemizing, among other things,

16   the total hours worked by the employee.  Labor Code, Section 226, provides that if an employer

17   knowingly and intentionally fails to provide a statement itemizing, among other things, the total

18   hours worked by the employee, then the employee is entitled to recover the greater of all actual

19   damages or $50.00 for the initial violation and $100.00 for each subsequent violation, up to

20   $4,000.00.

21   45.   At all times herein mentioned, Defendants acted knowingly and intentionally in

22   failing to provide Plaintiff and members of the California Plaintiff Class with timely, itemized

23   statements showing the total hours worked as required by law and, as a result, are liable to

24   Plaintiff and members of the California Plaintiff Class for the amount provided by California

25   Labor Code, Section 226(b), all to be determined according to proof at trial.

26   ///

27   ///

28   ///

## FIFTH CAUSE OF ACTION

**(Failure to Keep Accurate Payroll Records- Pursuant to California Labor Code Sections 1174 and 1174.5 and I.W.C. Wage Order No.4- Brought by Plaintiff NGUYEN-JENSTAD, Individually and On Behalf of Members of California Plaintiff Class Against All Defendants)**

46.   Plaintiff realleges and incorporates herein those matters contained in paragraphs 1 through 45 as though fully set forth.

47.   At all times herein mentioned, Defendants have violated California Labor Code, Sections 1174 and 1174.5 and I.W.C. Wage Order No. 4 (section 7[A]), by willfully failing to keep required payroll records showing the actual hours worked each day by Plaintiff and members of the California Plaintiff Class.

48.   As a direct result of the aforesaid unlawful conduct, Plaintiff and members of the California Plaintiff Class have been damaged in an amount according to proof at trial.

## SIXTH CAUSE OF ACTION

**(Waiting Time Penalties- Pursuant to California Labor Code Sections 201-203- Brought by Plaintiff NGUYEN-JENSTAD, Individually and On Behalf of Members of the California Plaintiff Class Against All Defendants)**

49.   Plaintiff realleges and incorporates herein those matters contained in paragraphs 1 through 48 as though fully set forth.

50.   At all times herein mentioned, California Labor Code, Sections 201 and 202 required Defendant to pay their employees all wages due within the time specified by law. California Labor Code, Section 203, provides that if an employer willfully fails to timely pay such wages, the employer must continue to pay the subject employees' wages until the back wages are paid in full or an action is commenced, up to a maximum of 30 days of wages.

51.   At all times herein mentioned, Defendants failed to pay certain members of the

1    California Plaintiff Class all wages due upon termination of employment within the time period

2    specified under the aforesaid statutes.  Those members of the California Plaintiff Class who

3    ceased their employment with Defendant are entitled to unpaid compensation, including, without

4    limitation, unpaid overtime compensation and meal and rest period compensation as required

5    by California law.  More than 30 days have passed since those certain members of the California

6    Plaintiff Class have left the employ of Defendants.

7        52.    As a direct result of the aforesaid unlawful conduct of Defendants, certain

8    members of the California Plaintiff Class have been damaged in an amount according to proof

9    at trial.

10

11                           **SEVENTH CAUSE OF ACTION**

12              **(Unfair Business Practices- Pursuant to California Business &**

13              **Professions Code, Sections 17200, Et. Seq.- Brought by Plaintiff**

14              **NGUYEN-JENSTAD, Individually and On Behalf of Members of**

15              **California Plaintiff Class Against All Defendants)**

16        53.    Plaintiff realleges and incorporates herein those matters contained in paragraphs

17    1 through 52 as though fully set forth.

18        54.    The foregoing conduct, as alleged, violates the provisions of California Business

19    & Professions Code, Sections 17200, et seq. (hereafter "UCL").

20        55.    Beginning at a date unknown to Plaintiff, but at least as long ago as four years

21    preceding the date this Complaint is filed, Defendants committed, and continue to commit, acts

22    of unfair competition by, among other things, engaging in the unlawful acts and practices set

23    forth herein. Defendants' conduct, as alleged herein, has injured Plaintiff and members of the

24    California Plaintiff Class by wrongfully denying them earned compensation, and therefore was

25    substantially injurious to Plaintiff and members of the California Plaintiff Class.

26        56.    Defendants engaged in unfair competition in violation of the UCL by violating,

27    *inter alia*, each of the following laws:

28                (A)    California Labor Code, Section 1194.

1          (B)    California Labor Code, Sections 226.7, 512, and I.W.C. Wage Order No.

2 4-2001, Section 11(A).

3          (C)    I.W.C. Wage Order No. 4-2001, Section 12A.

4          (D)    California Labor Code, Sections 201, 202, 203, 204, and 226.

5          (E)    California Labor Code, Sections 1174 and 1174.5 and I.W.C. Wage Order

6 No. 4, Section 7(A).

7          (F)    California Labor Code, Section 510.

8     57.    Defendants' course of conduct, acts, and practices in violation of the California

9 laws mentioned in the above paragraph constitutes a separate and independent instance of

10 unlawful conduct under the UCL. Additionally, Defendants' conduct described herein violates

11 the policy of such laws or otherwise significantly threatens or harms competition and thus

12 constitutes an unfair business practice under the UCL.

13     58.    The harm to the Plaintiff and members of the California Plaintiff Class in being

14 wrongfully denied lawfully earned wages and meal and rest time compensation outweighs the

15 utility, if any, of the Defendants' policies or practices and, therefore, Defendants' actions

16 described herein constitute an unfair business practice or act within the meaning of the UCL.

17     59.    The unlawful and unfair business practices and acts of Defendants, described

18 above, have injured Plaintiff and members of the California Plaintiff Class in that they were

19 wrongfully denied the payment of earned compensation.

20     60.    Further, the unlawful acts and practices of Defendants, as described above, will

21 continue absent injunctive relief available under the UCL. Plaintiff and members of the

22 California Plaintiff Class who wish to resume employment in the field cannot return to work for

23 Defendants unless and until injunctive relief is granted such that they be assured of being paid

24 in accordance with California law.

25     61.    Plaintiff, on behalf of herself and on behalf of members of the California Plaintiff

26 Class, seeks restitution from Defendants of all ill-gotten gains obtained as a result of the unfair

27 business practices described in this Complaint, including, but not limited to, all unlawfully

28 withheld wages, overtime pay, and other compensation.

62.     Plaintiff, on behalf of herself and all other members of the California Plaintiff Class, seeks an order of this Court enjoining the Defendants from engaging in the unlawful and unfair business practices described in this Complaint under the provisions of the UCL.

WHEREFORE, Plaintiff, on behalf of herself and all members of the California Plaintiff Class, prays for judgment and relief as follows:

(1)     Certification of this action as a class action on behalf of the proposed California Plaintiff Class, pursuant to Section 382 of the California Code of Civil Procedure.

(2)     Designation of the named Plaintiff as representative of the California Plaintiff Class.

(3)     Certification of the California Plaintiff Class as a representative class under the UCL, Business & Professions Code, Sections 17200, et seq.

(4)     Class notice to all persons who are similarly situated to Plaintiff.

(5)     A declaratory judgment that the practices complained of herein are unlawful under California law and that Defendants have knowingly and willfully violated such law.

(6)     Appropriate equitable and injunctive relief under the UCL to remedy Defendants' violation of California law, including, but not necessarily limited to, an order enjoining Defendants from continuing their unlawful practices.

(7)     An order of the Court requiring Defendants to establish a common fund of money sufficient to locate, notify, and make full restitution to each and all of Defendants' employees, including those designated as consultants or independent contractors, contrary to fact or law.

(8)     Restitution under the UCL.

(9)     An award of damages to Plaintiff and all members of the California Plaintiff Class according to proof.

(10)    Pre-judgment and post-judgment interest as provided by law.

(11)    Such other injunctive and equitable relief as this Court may deem just and proper.

(12)    Attorney's fees and costs of the suit herein, including expert witness fees, and fees pursuant to California Labor Code, Sections 218.5, 226(e), and 1194; California Code of

1    Civil Procedure, Section 1021.5, and any other applicable state laws.

2        (13)   An award to Plaintiff and members of the California Plaintiff Class of such

3    other and further relief as this court may deem proper and just.

4

5    Dated:   June 13, 2008                PISTONE & WOLDER, LLP

6

7                                            By _____

8                                              Eric J. Medel, Co-Counsel for Plaintiff

9                                             NGUYEN-JENSTAD

10

11    Dated:   June 13, 2008               LAW OFFICES OF JOEL W. BARUCH, PC

12

13                                              By _____

14                                              Joel W. Baruch, Co-Counsel for Plaintiff NGUYEN-JENSTAD

15

16                               **DEMAND FOR JURY TRIAL**

17        Plaintiffs herein demand a trial by jury.

18

19    Dated:   June 13, 2008                PISTONE & WOLDER, LLP

20                                              By _____

21                                              Eric J. Medel, Co-Counsel for Plaintiff NGUYEN-JENSTAD

22

23

24    Dated:   June 13, 2008               LAW OFFICES OF JOEL W. BARUCH, PC

25

26                                           By _____

27                                            Joel W. Baruch, Co-Counsel for Plaintiff NGUYEN-JENSTAD

28

PROOF OF SERVICE

1

STATE OF CALIFORNIA          )
                             )     ss:
COUNTY OF ORANGE             )

2

3

I am employed in the County of Orange, State of California, at the law firm of **LAW OFFICES OF JOEL W. BARUCH, P.C.** (2020 Main Street, Suite 900, Irvine, California 92614-8203). I am over the age of 18 and not a party to the within action.

4

5

On June 13, 2008, I served, in the manner indicated below, the foregoing documents described as **FIRST AMENDED COMPLAINT** on the interested parties to this action as follows:

6

7

Barbara J. Miller
Darren Campbell
MORGAN, LEWIS & BOCKIUS LLP
5 Park Plaza, Suite 1750
Irvine, California 92614
Phone: (949) 399-7000
Fax:    (949) 399-7001
*Attorneys for Defendants*

8

9

10

11

**XX**   (BY REGULAR MAIL) I caused such envelope(s) to be deposited in the United States mail at Irvine, California, with postage thereon fully prepaid. I am readily familiar with the firm's practice of collection and processing correspondence for mailing. It is deposited with the United States Postal Service each day, and that practice was followed in the ordinary course of business for the service herein attested to. [C.C.P. Section 1013(a)(3)]

12

13

14

(BY PERSONAL SERVICE) I caused such envelope(s) to be delivered by hand to the offices of the parties listed in the Service List.

15

16

(VIA FACSIMILE SERVICE)  I caused the above document to be served via facsimile transmission by serving the parties listed in the Service List at the facsimile numbers listed with their names.

17

18

I declare under penalty of perjury under the laws of the State of California that all the foregoing is true and correct.

19

Executed on June 13, 2008, at Irvine, California.

20

21

PENNY D. MCSWEENEY
Declarant

22

23

24

25

26

27

28

-1-