MORGAN, LEWIS & BOCKIUS LLP
BARBARA J. MILLER, State Bar No. 167223
ALLISON C. ECKSTROM, State Bar No. 217255
5 Park Plaza, Suite 1750
Irvine, CA 92614
Tel: 949.399.7000
Fax: 949.399.7001
barbara.miller@morganlewis.com
aeckstrom@morganlewis.com

Attorney for
JPMORGAN CHASE BANK, N.A.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| PAULINE NGUYEN-JENSTAD, on behalf of herself and those similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>JPMORGAN CHASE BANK, N.A., a corporation; CHASE BANK USA, N.A., a corporation,<br><br>Defendants. | Case No. CV08-02865 ODW (JWJx)<br><br>**CLASS ACTION**<br><br>**ANSWER TO FIRST AMENDED COMPLAINT BY DEFENDANTS JPMORGAN CHASE BANK, N.A. AND CHASE BANK USA, N.A.**<br><br>Complaint Filed: March 27, 2008<br>Trial Date: None Set |
|---|---|

Defendants JPMORGAN CHASE BANK, N.A. and CHASE BANK USA, N.A. (collectively, "Defendants"), by and through their undersigned counsel of record, hereby answer the factual allegations set forth in the First Amended Complaint ("FAC") filed by Plaintiff PAULINE NGUYEN-JENSTAD ("Plaintiff") as follows:

### INTRODUCTION

1. Answering Paragraph 1 of the FAC, Defendants admit that Plaintiff purports to bring her claims individually and as a class action under the California Code of Civil Procedure ("CCP"), Section 382. Defendants aver that the remaining

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
IRVINE

DB1/61955610.1

ANSWER TO FIRST AMENDED COMPLAINT

1  allegations are conclusions of law to which no answer is required. To the extent
2  that any further answer is required, Defendants deny each and every such
3  allegation.
4      2.    Answering Paragraph 2 of the FAC, Defendants admit that the
5  purported class action seeks overtime compensation, meal period pay, rest period
6  pay, waiting-time penalties, injunctive and restitutionary relief, statutory penalties,
7  interest, costs and attorney's fees. Defendants aver that the remaining allegations
8  are conclusions of law to which no answer is required. To the extent that any
9  further answer is required, Defendants deny each and every such allegation.
10     3.    Answering Paragraph 3 of the FAC, Defendants admit that Plaintiff
11 purports to bring a class action on behalf of all current and former senior and junior
12 underwriters employed by Defendants in the State of California during the
13 applicable statute of limitations period. Defendants aver that the remaining
14 allegations are conclusions of law to which no answer is required. To the extent
15 that any further answer is required, Defendants deny each and every such
16 allegation.

## PARTIES

18     4.    Answering Paragraph 4 of the FAC, Defendants lack knowledge or
19 information sufficient to admit or deny whether Plaintiff is, and at all times relevant
20 to the FAC was, an individual residing in the State of California. Defendants admit
21 that, at all times relevant to the FAC, their records reflect that Plaintiff was
22 employed either by Defendant JPMorgan Chase Bank, N.A. or Defendant Chase
23 Bank USA, N.A. Defendants further admit that Plaintiff was paid on a salary basis.
24 To the extent that the paragraph makes any factual allegations against Defendants,
25 Defendants deny each and every such allegation.
26     5.    Answering Paragraph 5 of the FAC, Defendants deny each and every
27 allegation contained therein.
28     6.    Answering Paragraph 6 of the FAC, Defendants deny each and every

DB1/61955610.1
-2-
MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
IRVINE
ANSWER TO FIRST AMENDED COMPLAINT

allegation contained therein.

7. Answering Paragraph 7 of the FAC, Defendants deny each and every allegation contained therein.

8. Answering Paragraph 8 of the FAC, Defendant JPMorgan Chase Bank, N.A. avers that it currently is, and has been since 2004, a national banking association with its main office in Columbus, Ohio, and that it does business in the State of California. Defendant Chase Bank USA, N.A. avers that it currently is, and has been since 2000, a national banking association with its main office in Newark, Delaware, and that it does business in the State of California. Defendants deny each and every remaining allegation contained therein.

9. Answering Paragraph 9 of the FAC, Defendants lack information sufficient to form a belief as to the truth or falsity of the allegations set forth therein and, on that basis, deny those allegations. Defendants aver that the FAC, in its present form, does not name any "Doe" defendants. Defendants further affirmatively aver that Plaintiff may not maintain an action against "Doe" defendants in accordance with *Gillespie v. Civiletti*, 629 F. 2d 637,642 (9th Cir. 1980).

10. Answering Paragraph 10 of the FAC, Defendants deny each and every allegation contained therein.

## GENERAL ALLEGATIONS

11. Answering Paragraph 11 of the FAC, Defendants aver that they offer a wide variety of financial services, products, and advice, including but not limited to mortgage loans, but Defendants deny each and every remaining allegation contained therein.

12. Answering Paragraph 12 of the FAC, Defendants admit that, at all times relevant to the FAC, their records reflect that Plaintiff was employed either by Defendant JPMorgan Chase Bank, N.A. or Defendant Chase Bank USA, N.A. as an underwriter. Defendants aver that the remaining allegations set forth in the

DB1/61955610.1 -3-

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
IRVINE

ANSWER TO FIRST AMENDED COMPLAINT

1  paragraph are conclusions of law to which no answer is required.  To the extent that
2  the paragraph makes any factual allegations against Defendants, Defendants deny
3  each and every such allegation.
4     13.    Answering Paragraph 13 of the FAC, Defendants deny each and every
5  allegation contained therein.
6     14.    Answering Paragraph 14 of the FAC, Defendants deny each and every
7  allegation contained therein.
8     15.    Answering Paragraph 15 of the FAC, Defendants deny each and every
9  allegation contained therein.
10    16.    Answering Paragraph 16 of the FAC, Defendants admit that Plaintiff
11 was paid a salary.  Defendants deny each and every remaining allegation contained
12 therein.
13    17.    Answering Paragraph 17 of the FAC, Defendants deny each and every
14 allegation contained therein.
15    18.    Answering Paragraph 18 of the FAC, Defendants deny each and every
16 allegation contained therein.
17    19.    Answering Paragraph 19 of the FAC, Defendants deny each and every
18 such allegation.
19    20.    Answering Paragraph 20 of the FAC, Defendants deny each and every
20 such allegation.
21    21.    Answering Paragraph 21 of the FAC, Defendants deny each and every
22 such allegation.
23    22.    Answering Paragraph 22 of the FAC, Defendants deny each and every
24 such allegation.
25    23.    Answering Paragraph 23 of the FAC, Defendants deny each and every
26 such allegation.
27    24.    Answering Paragraph 24 of the FAC, Defendants deny each and every
28 such allegation.

DB1/61955610.1                                -4-

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
IRVINE

ANSWER TO FIRST AMENDED COMPLAINT

1  25. Answering Paragraph 25 of the FAC, Defendants deny each and every such allegation.

2  26. Answering Paragraph 26 of the FAC, Defendants deny each and every such allegation.

3  27. Answering Paragraph 27 of the FAC, Defendants deny each and every such allegation.

## CLASS ACTION ALLEGATIONS

28. Answering Paragraph 28 of the FAC, Defendants admit that Plaintiff purports to bring this action as an individual and a purported statewide class action. Defendants aver that the remaining allegations set forth are conclusions of law to which no answer is required. To the extent that the paragraph makes any further factual allegations against Defendants, Defendants deny each and every such allegation. Defendants specifically deny that Plaintiff should be permitted to bring this action as a class action or that class certification is appropriate.

29. Answering Paragraph 29 of the FAC, Defendants deny each and every such allegation. Defendants specifically deny that Plaintiff should be permitted to bring this action as a class action or that class certification is appropriate.

30. Answering Paragraph 30 of the FAC and each of its subparts, Defendants aver that the allegations set forth therein are conclusions of law, to which no answer is required. To the extent that the paragraph and/or any of its subparts make any factual allegations against Defendants, Defendants deny each and every such allegation. Defendants specifically deny that Plaintiff should be permitted to bring this action as a class action or that class certification is appropriate.

## CLASS ACTION CLAIMS
## FIRST CAUSE OF ACTION

31. Answering Paragraph 31 of the FAC, Defendants incorporate herein their responses to all prior paragraphs of the FAC.

32. Answering Paragraph 32 of the FAC, Defendants aver that the allegations set forth are conclusions of law, to which no answer is required. To the extent the paragraph makes any factual allegations against Defendants, Defendants deny each and every such allegation.

33. Answering Paragraph 33 of the FAC, Defendants deny each and every such allegation.

34. Answering Paragraph 34 of the FAC, Defendants deny each and every such allegation. Defendants specifically deny that Plaintiff or any member of the purported class is entitled to any of the relief sought against Defendants.

## SECOND CAUSE OF ACTION

35. Answering Paragraph 35 of the FAC, Defendants incorporate herein their responses to all prior paragraphs of the FAC.

36. Answering Paragraph 36 of the FAC, Defendants deny each and every such allegation.

37. Answering Paragraph 37 of the FAC, Defendants deny each and every such allegation.

38. Answering Paragraph 38 of the FAC, Defendants deny each and every such allegation. Defendants specifically deny that Plaintiff or any member of the purported class is entitled to any of the relief sought against Defendants.

## THIRD CAUSE OF ACTION

39. Answering Paragraph 39 of the FAC, Defendants incorporate herein their responses to all prior paragraphs of the FAC.

40. Answering Paragraph 40 of the FAC, Defendants aver that the allegations set forth are conclusions of law, to which no answer is required. To the extent the paragraph makes any factual allegations against Defendants, Defendants deny each and every such allegation.

41. Answering Paragraph 41 of the FAC, Defendants deny each and every such allegation.

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
IRVINE

42. Answering Paragraph 42 of the FAC, Defendants specifically deny that Plaintiff or any member of the purported class is entitled to any of the relief sought against Defendants.

## FOURTH CAUSE OF ACTION

43. Answering Paragraph 43 of the FAC, Defendants incorporate herein their responses to all prior paragraphs of the FAC.

44. Answering Paragraph 44 of the FAC, Defendants aver that the allegations set forth are conclusions of law, to which no answer is required. To the extent the paragraph makes any factual allegations against Defendants, Defendants deny each and every such allegation.

45. Answering Paragraph 45 of the FAC, Defendants deny each and every such allegation. Defendants specifically deny that Plaintiff or any member of the purported class is entitled to any of the relief sought against Defendants.

## FIFTH CAUSE OF ACTION

46. Answering Paragraph 46 of the FAC, Defendants incorporate herein their responses to all prior paragraphs of the FAC.

47. Answering Paragraph 47 of the FAC, Defendants deny each and every such allegation.

48. Answering Paragraph 48 of the FAC, Defendants deny each and every such allegation. Defendants specifically deny that Plaintiff or any member of the purported class is entitled to any of the relief sought against Defendants.

## SIXTH CAUSE OF ACTION

49. Answering Paragraph 49 of the FAC, Defendants incorporate herein their responses to all prior paragraphs of the FAC.

50. Answering Paragraph 50 of the FAC, Defendants aver that the allegations set forth are conclusions of law, to which no answer is required. To the extent the paragraph makes any factual allegations against Defendants, Defendants deny each and every such allegation.

DB1/61955610.1  -7-
MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
IRVINE
ANSWER TO FIRST AMENDED COMPLAINT

51. Answering Paragraph 51 of the FAC, Defendants deny each and every such allegation. Defendants specifically deny that Plaintiff or any member of the purported class is entitled to any of the relief sought against Defendants.

52. Answering Paragraph 52 of the FAC, Defendants deny each and every such allegation. Defendants specifically deny that Plaintiff or any member of the purported class is entitled to any of the relief sought against Defendants.

## SEVENTH CAUSE OF ACTION

53. Answering Paragraph 53 of the FAC, Defendants incorporate herein their responses to all prior paragraphs of the FAC.

54. Answering Paragraph 54 of the FAC, Defendants deny each and every such allegation.

55. Answering Paragraph 55 of the FAC, Defendants deny each and every such allegation.

56. Answering Paragraph 56 of the FAC and each of its subparts, Defendants deny each and every such allegation.

57. Answering Paragraph 57 of the FAC, Defendants deny each and every such allegation.

58. Answering Paragraph 58 of the FAC, Defendants deny each and every such allegation.

59. Answering Paragraph 59 of the FAC, Defendants deny each and every such allegation.

60. Answering Paragraph 60 of the FAC, Defendants deny each and every such allegation.

61. Answering Paragraph 61 of the FAC, Defendants aver that it does not allege any facts. To the extent the paragraph makes any factual allegations against Defendants, Defendants deny each and every such allegation. Defendants specifically deny that Plaintiff or any member of the purported class is entitled to any of the relief sought against Defendants.

62.   Answering Paragraph 62 of the FAC, Defendants aver that it does not allege any facts. To the extent the paragraph makes any factual allegations against Defendants, Defendants deny each and every such allegation. Defendants specifically deny that Plaintiff or any member of the purported class is entitled to any of the relief sought against Defendants.

## PRAYER FOR RELIEF

Defendants deny that Plaintiff is entitled to any of the relief sought against them in the Prayer, or to any relief whatsoever, on Plaintiff's behalf individually or on behalf of the alleged putative class members that she purports to represent, the existence of which is expressly denied.

## DEFENSES

Defendants have not completed their investigation of the facts of this case, have not completed discovery in this matter, and have not completed their preparation for trial. The defenses stated herein are based on Defendants' knowledge, information, and belief at this time, and Defendants specifically reserve the right to modify, amend, or supplement any defense contained herein at any time.

Without conceding that they bear the burden of proof or persuasion as to any one of them, Defendants assert the following separate defenses to the FAC:

## FIRST DEFENSE

### (Failure to State a Cause of Action)

1.   The FAC fails to state facts sufficient to state claims upon which relief can be granted against Defendants.

## SECOND DEFENSE

### (Uncertainty)

2.   Plaintiff's claims, and the claims of each putative member of the purported class as set forth in the FAC, are barred in whole or in part because the FAC is uncertain in that the purported class definitions are ambiguous and

DB1/61955610.1                    -9-
ANSWER TO FIRST AMENDED COMPLAINT

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
IRVINE

conclusory.

### THIRD DEFENSE

**(Conduct Reasonable and In Good Faith/Not Willful)**

3. Defendants contend that, if Defendants are found to have failed to pay Plaintiff and/or any putative member of the purported class defined in the FAC any amount due, which allegations Defendants deny, Defendants acted at all times on the basis of a good faith and reasonable belief that they had complied fully with California wage and hour laws.

### FOURTH DEFENSE

**(Good Faith)**

4. Defendants' failure to pay Plaintiff overtime wages, if at all, was in good faith in conformity with and in reliance on an administrative regulation, order, ruling, approval, interpretation, administrative practice, and/or enforcement policy of the California's Industrial Welfare Commission, United States Department of Labor, and/or other governmental agencies.

### FIFTH DEFENSE

**(Failure to Exhaust Internal and Administrative Remedies/Preconditions)**

5. The claims of Plaintiff and each putative member of the class Plaintiff purports to represent are barred for failure to exhaust internal and/or administrative remedies.

### SIXTH DEFENSE

**(Statute of Limitations)**

6. Plaintiff's claims are barred or limited by the applicable statute(s) of limitations, including, but not limited to, California Code of Civil Procedure Sections 337, 338, 339, 340 and 343 and California Business and Professions Code Section 17208.

### SEVENTH DEFENSE

**(Lack of Standing)**

7. Plaintiff lacks standing under the California Labor Code to bring some or all of the claims alleged against Defendants.

## EIGHTH DEFENSE

**(Lack of Standing)**

8. Plaintiff fails to satisfy the prerequisites for class action certification and, therefore, lacks standing and cannot represent the interests of others as to each of the purported causes of action.

## NINTH DEFENSE

**(Not Appropriate for Class Action)**

9. The class action claims alleged by Plaintiff on behalf of herself and the alleged class, the existence of which are expressly denied, are not appropriate for class action treatment, as the claims involve matters in which individual questions of law and/or fact predominate and/or are not the superior method of adjudication for Plaintiff's claims.

## TENTH DEFENSE

**(Numerosity)**

10. The FAC fails to the extent it asserts a class action, because the putative class that Plaintiff purports to represent, the existence of which is expressly denied, lack numerosity.

## ELEVENTH DEFENSE

**(Claims Not Common or Typical)**

11. The claims alleged by the named Plaintiff are neither common to nor typical of those, if any, of the alleged class Plaintiff purports to represent.

## TWELFTH DEFENSE

**(Inadequate Representatives)**

12. The FAC fails to the extent it asserts a class action, because neither Plaintiff nor Plaintiff's counsel will fairly and adequately represent the purported classes.

## THIRTEENTH DEFENSE
### (Superiority)

13. The FAC fails to the extent it asserts a class action, because the alleged class action claims are not maintainable for, among other reasons, failure to satisfy the requirement of superiority.

## FOURTEENTH DEFENSE
### (Failure to Mitigate)

14. Plaintiff's monetary claims are barred, in whole or in part, because she has not appropriately or adequately mitigated her damages, if any.

## FIFTEENTH DEFENSE
### (Adequate Remedy at Law)

15. Plaintiff is not entitled to a recovery of equitable relief, including any relief requested pursuant to California Business and Professions Code Section 17200, because of the existence of an adequate remedy at law.

## SIXTEENTH DEFENSE
### (Laches)

16. The FAC, including the averment of damages purportedly stated therein, are barred in whole or in part by the doctrine of laches.

## SEVENTEENTH DEFENSE
### (Estoppel)

17. The FAC is barred in whole or in part by Plaintiff's own conduct, actions, and inactions, which amount to and constitute an estoppel of any relief sought thereby.

## EIGHTEENTH DEFENSE
### (Unclean Hands)

18. Plaintiff's claims are barred in whole or in part by the doctrine of unclean hands.

## NINETEENTH DEFENSE

### (Waiver of Claims)

19. The claims of Plaintiff and of the purported class are barred in whole or in part because such claims have been waived, discharged, abandoned, and/or released.

## TWENTIETH DEFENSE

### (Setoff and Recoupment)

20. If any damages have been sustained by Plaintiff, or by any putative members of any purported class defined in the FAC, although such is not admitted hereby or is specifically denied herein, Defendants are entitled under the equitable doctrine of setoff and recoupment to offset all obligations of Plaintiff or putative class members owed to Defendants against any judgment that may be entered against Defendants.

## TWENTY-FIRST DEFENSE

### (Excessive Fines)

21. An award of penalties under the circumstances of this case would constitute an excessive fine and otherwise would be in violation of Defendants' due process and other rights under the United States and California Constitutions.

## TWENTY-SECOND DEFENSE

### (Action Unconstitutional)

22. Certification of a class, based upon the facts and circumstances of this case, would constitute a denial of Defendants' right to due process under the Fourteenth Amendment of the United States Constitution and the California Constitution.

## TWENTY-THIRD DEFENSE

### (California Law Overtime and Minimum Wage Exemption)

23. Plaintiff and the class she purports to represent are exempt from the

overtime and minimum wage requirements under the California Labor Code and the applicable Industrial Welfare Commission wage order or wage orders promulgated under the California Labor Code, including, but not limited to, the exemptions set forth in Sections 1(A)(2), 1(C) and/or 3(D) of the applicable wage order or wage orders, such as the "administrative" exemption and/or "executive" exemption. To the extent that Plaintiff or each putative member of purported class defined in the FAC perform or performed additional exempt duties, the rules and interpretive guidance applicable to those exemptions may apply to such person.

## TWENTY-FOURTH DEFENSE
### (Not the Employer)

24. The claims set forth in the FAC are barred to the extent that Defendants, and each of them, are not, and have not been, the employer of Plaintiff or any putative member of the purported class defined in the FAC.

## RESERVATION OF RIGHTS

Defendants reserve the right to assert such additional defenses that may appear and prove applicable during the course of this litigation.

WHEREFORE, Defendants pray for judgment that:

1. The Court deny Plaintiff's request to certify this action as a class action;

2. Plaintiff takes nothing by reason of the FAC on file herein, and that said FAC be dismissed with prejudice;

3. Judgment be entered in favor of Defendants and against Plaintiff on all causes of action;

4. Defendants be awarded their costs of suit incurred herein;

5. Defendants be awarded their attorneys' fees incurred by this action pursuant to California Labor Code Section 218.5; and

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
IRVINE

DB1/61955610.1

-14-

ANSWER TO FIRST AMENDED COMPLAINT

6. The Court award Defendants such other and further relief as it deems just and proper.

Dated: July 7, 2008

MORGAN, LEWIS & BOCKIUS LLP
BARBARA J. MILLER
ALLISON C. ECKSTROM


By /s/ Allison C. Eckstrom
Allison C. Eckstrom
Attorneys for
JPMORGAN CHASE BANK, N.A.
and CHASE BANK USA, N.A.

...

## PROOF OF SERVICE

I am a resident of the State of California and over the age of eighteen years, and not a party to the within action; my business address is 5 Park Plaza, Suite 1750, Irvine, California 92614.

On July 7, 2008, I served the within document(s):

**ANSWER TO FIRST AMENDED COMPLAINT**

☒ **BY U.S. MAIL** - by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Irvine, California addressed as set forth below. I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☐ **BY OVERNIGHT MAIL** - by placing the document(s) listed above in a sealed Federal Express envelope and affixing a pre-paid air bill, and causing the envelope to be delivered to a Federal Express agent for delivery.

☐ **BY PERSONAL SERVICE** - I delivered to an authorized courier or driver authorized by Orange County Corporate Courier, Inc. to receive documents to be delivered on the same date. A proof of service signed by the authorized courier will be filed with the court upon request.

☐ **BY ELECTRONIC MAIL** - by transmitting via electronic mail the document(s) listed above to each of the person(s) as set forth below. The transmission was reported as complete and without error. My electronic notification address is 5 Park Plaza, Suite 1750, Irvine, California 92614. My e-mail address is mcalvert@morganlewis.com.

☐ **BY E-FILE** - I caused such documents to be transmitted by e-file to the designated e-mail address of the addressee(s) listed below:

DB1/61955610.1

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
IRVINE

ANSWER TO FIRST AMENDED COMPLAINT

| | |
|---|---|
| Thomas A. Pistone, Esq.<br>Michael K. Wolder, Esq.<br>Eric J. Medel, Esq.<br>**PISTONE & WOLDER**<br>2020 Main Street, Suite 900<br>Irvine, CA 92614 | Telephone: 949. 622.8980<br>Facsimile: 949.622.8985<br>Email: emedel@PistoneWolder.com |
| Joel W. Baruch, Esq.<br>**LAW OFFICES OF JOEL W. BARUCH**<br>2020 Main Street, Suite 900<br>Irvine, CA 92614 | Telephone: 949. 864.9662<br>Facsimile: 949.851.3185<br>Email:info@joelwbaruch.com |

Executed on July 7, 2008 at Irvine, California.

I declare under penalty of perjury, under the laws of the State of California and the United States of America, that the above is true and correct.

*Patricia Martin* (signed)

Patricia Martin

---

DB1/61871468.1

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
IRVINE

ANSWER TO FIRST AMENDED COMPLAINT