MORGAN, LEWIS & BOCKIUS LLP
CARRIE A. GONELL, State Bar No. 257163
ALLISON C. ECKSTROM, State Bar No. 217255
5 Park Plaza, Suite 1750
Irvine, CA 92614
Tel: 949.399.7000
Fax: 949.399.7001
cgonell@morganlewis.com
aeckstrom@morganlewis.com

Attorney for
JPMORGAN CHASE BANK, N.A.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAULINE NGUYEN-JENSTAD, on behalf of herself and those similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>J.P. MORGAN-CHASE, a corporation; and DOES 1 through 100, inclusive,<br><br>Defendants. | Case No. CV08-02865 ODW (JWJx)<br><br>**JOINT MOTION RE: APPROVAL OF SETTLEMENT AND REQUEST FOR DISMISSAL WITH PREJUDICE OF ALL CLAIMS**<br><br>Complaint Filed:  March 27, 2008<br>Trial Date:  None Set |

## I. INTRODUCTION

By this joint motion, Plaintiff Pauline Nguyen-Jenstad ("Plaintiff") and Defendants JPMorgan Chase ("Defendant") (collectively, the "parties") seek court approval of the parties' Settlement and General Release Agreement and an order dismissing with prejudice all of Plaintiff's claims.

## II. BACKGROUND

On May 27, 2008, Plaintiff filed a Complaint against Defendant, which initiated the instant action. On May 1, 2008, Chase timely removed this matter to the United States District Court for the Central District of California. On June 13, 2008, Plaintiff filed a First Amended Complaint ("FAC"), which asserted causes of action for (1) failure to pay overtime compensation pursuant to California Labor Code § 510, 1194; (2) failure to provide adequate meal periods pursuant to California Labor Code § 226.7, 512; I.W.C. Wage Order No. 4; (3) failure to provide rest periods pursuant to I.W.C. Wage Order No. 4; (4) failure to furnish accurate wage statements pursuant to California Labor Code § 226, I.W.C. Wage Order No. 4; (5) failure to keep accurate payroll records pursuant to California Labor Code § 1174, I.W.C. Wage Order No. 4; (6) waiting time penalties, California Labor Code § 201; and (7) violation of unfair business practices, Cal. Bus. & Prof. Code Section 17200, *et seq*. Plaintiff, moreover, brought the foregoing claims in her individual capacity and on behalf of a class of similarly-situated individuals.

On or about December 15, 2008, the parties executed a confidential Settlement and General Release Agreement. As part of the Agreement, the parties agreed to dismiss with prejudice all claims contained within Plaintiff's FAC. In addition, as part of the consideration, Plaintiff agreed to release, among other things, any and all claims that she has (or had) against Defendant for wages pursuant to the Fair Labor Standards Act of 1938.

### III. SETTLEMENT OF PLAINTIFF'S CLAIMS, WHICH INCLUDES A RELEASE OF ANY CLAIMS FOR WAGES UNDER THE FLSA, REQUIRES COURT APPROVAL

The parties seek this Court's approval of the settlement of Plaintiff's claims, which includes a release by Plaintiff of any and all claims for wages that she has (or had) against Defendant under the Fair Labor Standards Act ("FLSA"), §§ 210, *et seq*.  FLSA claims can only be settled under the supervision of either the Secretary of Labor or the district court.  *Lynn's Food Stores, Inc. v. United States*, 679 F. 2d 1350, 1353 (11th Cir. 1982)).  To obtain district court approval, the parties must "present to the court a proposed settlement, upon which the court may enter a stipulated judgment only after scrutinizing the settlement for fairness."  *See Yue Zhou v. Wang's Rest.*, 2007 U.S. Dist. LEXIS 60683 at *1 (N.D. Cal. Aug. 8, 2007) (citing *Schulte, Inc., v. Gangi*, 328 U.S. 108, 113 n. 8 (1946); *Lynn's Food Stores, Inc.*, 679 F. 2d at 1353).  Moreover, "[i]n reviewing the fairness of such a settlement, a court must determine whether the settlement is a fair and reasonable resolution of a bona fide dispute." *Id*. (citing *Lynn's Food Stores, Inc.*, 679 F. 2d at 1354 ("If a settlement in an employee FLSA suit … reflect[s] a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute[,] we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation")).

On November 13, 2008, the parties attended mediation before Retired Judge Robert J. Polis.  During this mediation session, the cost of which was paid by both parties and where both parties were represented by counsel, the parties reached an agreement to settle Plaintiff's claims.  Specifically, the parties agreed to settle Plaintiff's claims in exchange for, among other things, a release of any and all claims that Plaintiff has (or had) against Defendant for wages under the FLSA.

The parties have provided for the Court's *in camera* review the confidential Settlement and General Release Agreement.  The parties request that the Court

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
IRVINE

1  approve the Agreement and enter an order finding that the terms of the Agreement
2  are fair and reflect a reasonable compromise of Plaintiff's claims, including the
3  amount contemplated to be paid to Plaintiff for resolution of her claims; that the
4  agreement is not the product of fraud or overreaching by, or collusion between, the
5  negotiating parties; and that the settlement, taken as a whole, is fair, reasonable and
6  adequate to all concerned. *See, e.g. Officers for Justice v. Civil Service*
7  *Commission,* 688 F. 2d 615, 625 (9th Cir. 1982).

   Upon approving the Agreement, the parties further request that the Court:
(1) dismiss with prejudice all claims brought by Plaintiff Pauline Nguyen-Jenstad in her FAC; and (2) approve Plaintiff's release of any and all claims and potential claims as set forth in the Settlement Agreement, including, but not limited to, any claims against Defendant for wages under the FLSA.

   The parties agree that neither the Court's order nor any other documents or information relating to the settlement of this action shall constitute, be construed to be, or be admissible in any proceeding as evidence: (a) that any group of similarly situated or other employees exists to maintain a collective action under the FLSA, or a class action under Rule 23 of the Federal Rules of Civil Procedure, or comparable state laws or rules, including but not limited to California Code of Civil Procedure § 382; (b) of an adjudication of the merits of this case or that any party has prevailed in this case; or (c) that the Defendants or others have engaged in any wrongdoing.

## IV.   CONCLUSION

For the foregoing reasons, the parties respectfully request that the Court approve the parties' Settlement and General Release Agreement and dismiss with prejudice all Plaintiff's claims.

   IT IS SO STIPULATED.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
IRVINE

DB1/62425693.1                              -4-
JOINT MOTION RE: DISMISSAL

| | | |
|---|---|---|
| 1 | Dated: January __, 2009 | MORGAN, LEWIS & BOCKIUS LLP<br>CARRIE A. GONELL<br>ALLISON C. ECKSTROM |
| 2 | | |
| 3 | | |
| 4 | | By _____<br>ALLISON C. ECKSTROM |
| 5 | | Attorneys for<br>JPMORGAN CHASE BANK, N.A. |
| 6 | | |
| 7 | Dated: January 8, 2009 | LAW OFFICES OF JOEL W. BARUCH, P.C.<br>JOEL W. BARUCH |
| 8 | | |
| 9 | | |
| 10 | | By _____<br>JOEL W. BARUCH |
| 11 | | Attorneys for Plaintiff<br>PAULINE NGUYEN-JENSTAD |

DB1/62425693.1                              -5-

JOINT MOTION RE: DISMISSAL

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
IRVINE

## PROOF OF SERVICE

I am a resident of the State of California and over the age of eighteen years, and not a party to the within action; my business address is 5 Park Plaza, Suite 1750, Irvine, California 92614.

On January 8, 2009, I served the within document(s):

**JOINT MOTION RE APPROVAL OF SETTLEMENT AND REQUEST FOR DISMISSAL WITH PREJUDICE OF ALL CLAIMS**

☒ **BY U.S. MAIL** - by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Irvine, California addressed as set forth below. I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☐ **BY OVERNIGHT MAIL** - by placing the document(s) listed above in a sealed Federal Express envelope and affixing a pre-paid air bill, and causing the envelope to be delivered to a Federal Express agent for delivery.

☐ **BY PERSONAL SERVICE** - I delivered to an authorized courier or driver authorized by Orange County Corporate Courier, Inc. to receive documents to be delivered on the same date. A proof of service signed by the authorized courier will be filed with the court upon request.

☐ **BY ELECTRONIC MAIL** - by transmitting via electronic mail the document(s) listed above to each of the person(s) as set forth below. The transmission was reported as complete and without error. My electronic notification address is 5 Park Plaza, Suite 1750, Irvine, California 92614. My e-mail address is mcalvert@morganlewis.com.

☐ **BY E-FILE** - I caused such documents to be transmitted by e-file to the designated e-mail address of the addressee(s) listed below:

DB1/62425693.1

-6-

| | | |
|---|---|---|
| 1 | Thomas A. Pistone, Esq. | Telephone: 949. 622.8980 |
| 2 | Michael K. Wolder, Esq. | Facsimile: 949.622.8985 |
| 3 | Eric J. Medel, Esq.<br>PISTONE & WOLDER | |
| 4 | 2020 Main Street, Suite 900<br>Irvine, CA  92614 | |
| 5 | | |
| 6 | | |
| 7 | Joel W. Baruch, Esq.<br>LAW OFFICES OF JOEL W. | Telephone: 949. 864.9662<br>Facsimile: 949.851.3185 |
| 8 | BARUCH | |
| 9 | 2020 Main Street, Suite 900<br>Irvine, CA  92614 | |

Executed on January 8, 2009, at Irvine, California.

I declare under penalty of perjury, under the laws of the State of California and the United States of America, that the above is true and correct.

_____
Patricia Martin

DB1/62425693.1   -7-

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
IRVINE

JOINT MOTION RE: DISMISSAL