1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAULINE NGUYEN-JENSTAD, on behalf of herself and those similarly situated, <br><br>                Plaintiffs, <br><br>       vs. <br><br> J.P. MORGAN-CHASE, a corporation; and DOES 1 through 100, inclusive, <br><br>                Defendants. | Case No.  CV08-02865 ODW (JWJx) <br><br> **[PROPOSED] ORDER RE: DISMISSAL WITH PREJUDICE OF ALL CLAIMS** <br><br> Complaint Filed:   March 27, 2008 <br> Trial Date:       None Set |

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
IRVINE

DB1/62425986.1

ORDER REGARDING DISMISSAL

1    By this stipulated order, the parties seek this Court's approval of the

2    settlement of Plaintiff Pauline Nguyen-Jenstad's claim, the consideration of which

3    includes, among other things, a release of any and all claims that Plaintiff has (or

4    had) against Defendant for wages under the Fair Labor Standards Act ("FLSA"),

5    §§ 210, *et seq.* FLSA claims can only be settled under the supervision of either the

6    Secretary of Labor or the district court. *Lynn's Food Stores, Inc. v. United States*,

7    679 F. 2d 1350, 1353 (11th Cir. 1982)). To obtain district court approval, the

8    parties must "present to the court a proposed settlement, upon which the court may

9    enter a stipulated judgment only after scrutinizing the settlement for fairness." *See*

10   *Yue Zhou v. Wang's Rest.*, 2007 U.S. Dist. LEXIS 60683 at *1 (N.D. Cal. Aug. 8,

11   2007) (citing *Schulte, Inc., v. Gangi*, 328 U.S. 108, 113 n. 8 (1946); *Lynn's Food*

12   *Stores, Inc.*, 679 F. 2d at 1353). Moreover, "[i]n reviewing the fairness of such a

13   settlement, a court must determine whether the settlement is a fair and reasonable

14   resolution of a bona fide dispute." *Id.* (citing *Lynn's Food Stores, Inc.*, 679 F. 2d at

15   1354 ("If a settlement in an employee FLSA suit … reflect[s] a reasonable

16   compromise over issues, such as FLSA coverage or computation of back wages,

17   that are actually in dispute[,] we allow the district court to approve the settlement in

18   order to promote the policy of encouraging settlement of litigation")).

19   After a confidential *in camera* review of the Settlement Agreement presented

20   by the parties, the Court determines that the terms of the settlement of this litigation

21   are fair and reflect a reasonable compromise of Plaintiff's claims, including the

22   amount contemplated to be paid to Plaintiff for resolution of her claims. The Court,

23   moreover, has determined that the agreement is not the product of fraud or

24   overreaching by, or collusion between, the negotiating parties, and that the

25   settlement, taken as a whole, is fair, reasonable and adequate to all concerned. *See,*

26   *e.g. Officers for Justice v. Civil Service Commission*, 688 F. 2d 615, 625 (9th Cir.

27   1982). Finally, in approving the parties' settlement agreement, the Court balanced

28   numerous factors, including the strength of plaintiff's case; the risk, expense,

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
IRVINE

DB1/62425986.1                                    -2-

ORDER REGARDING DISMISSAL

1    complexity, and likely duration of further litigation; the extent of the discovery

2    completed, the stage of the proceedings, and the experience and views of counsel.

3    *See, e.g. Torrisi v. Tucson Electric Power Co.*, 8 F. 3d 1370, 1375 (9th Cir. 1993).

4    Accordingly, the Court approves the settlement in its entirety.

5        The Court, thus having approved of the settlement of the claims in this

6    matter, hereby DISMISSES WITH PREJUDICE all claims which were brought, or

7    could have been brought, by Plaintiff Pauline Nguyen-Jenstad in her First Amended

8    Complaint, filed on June 13, 2008.  This Court further approves the release by

9    Plaintiff of any claims and potential claims as set forth in the Settlement

10   Agreement, including, but not limited to, any claims against Defendant for wages

11   under the FLSA.

12       Neither this Order nor any other documents or information relating to the

13   settlement of this action shall constitute, be construed to be, or be admissible in any

14   proceeding as evidence:  (a) that any group of similarly situated or other employees

15   exists to maintain a collective action under the FLSA, or a class action under Rule

16   23 of the Federal Rules of Civil Procedure, or comparable state laws or rules,

17   including but not limited to California Code of Civil Procedure § 382; (b) of an

18   adjudication of the merits of this case or that any party has prevailed in this case; or

19   (c) that the Defendants or others have engaged in any wrongdoing.

20

21

22

23

24

25

26

27

28

DB1/62425986.1                                    -3-

Morgan, Lewis &
Bockius LLP
Attorneys At Law
Irvine

ORDER REGARDING DISMISSAL

1

2  Agreed to in form and substance on        Agreed to in form and substance on
   behalf of Plaintiff:                      behalf of Defendant:
3

4  LAW OFFICES OF JOEL W.                    MORGAN, LEWIS & BOCKIUS LLP
   BARUCH, P.C.                              CARRIE A. GONELL
5  JOEL W. BARUCH                            ALLISON C. ECKSTROM

6

7  By _____              By _____
      JOEL W. BARUCH                            CARRIE A. GONELL
8     Attorneys for Plaintiff                   Attorneys for
      PAULINE NGUYEN-JENSTAD                    JPMORGAN CHASE BANK, N.A.
9

10

11         SO ORDERED this ____ day of _____, 2009.

12

13

14         _____

15                        Hon. Otis D. Wright

16

17

18

19

20

21

22

23

24

25

26

27

28

DB1/62425986.1                              -4-