# JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAULINE NGUYEN-JENSTAD, on behalf of herself and those similarly situated,<br><br>　　　　　　　Plaintiffs,<br><br>　　vs.<br><br>J.P. MORGAN-CHASE, a corporation; and DOES 1 through 100, inclusive,<br><br>　　　　　　　Defendants. | Case No.  CV08-02865 ODW (JWJx)<br><br>**ORDER RE: DISMISSAL WITH PREJUDICE OF ALL CLAIMS**<br><br>Complaint Filed:　March 27, 2008<br>Trial Date:　　　　None Set |

By this stipulated order, the parties seek this Court's approval of the settlement of Plaintiff Pauline Nguyen-Jenstad's claim, the consideration of which includes, among other things, a release of any and all claims that Plaintiff has (or had) against Defendant for wages under the Fair Labor Standards Act ("FLSA"), §§ 210, *et seq.* FLSA claims can only be settled under the supervision of either the Secretary of Labor or the district court. *Lynn's Food Stores, Inc. v. United States*, 679 F. 2d 1350, 1353 (11th Cir. 1982)). To obtain district court approval, the parties must "present to the court a proposed settlement, upon which the court may enter a stipulated judgment only after scrutinizing the settlement for fairness." *See Yue Zhou v. Wang's Rest.*, 2007 U.S. Dist. LEXIS 60683 at *1 (N.D. Cal. Aug. 8, 2007) (citing *Schulte, Inc., v. Gangi*, 328 U.S. 108, 113 n. 8 (1946); *Lynn's Food Stores, Inc.*, 679 F. 2d at 1353). Moreover, "[i]n reviewing the fairness of such a settlement, a court must determine whether the settlement is a fair and reasonable resolution of a bona fide dispute." *Id.* (citing *Lynn's Food Stores, Inc.*, 679 F. 2d at 1354 ("If a settlement in an employee FLSA suit … reflect[s] a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute[,] we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation")).

After a confidential *in camera* review of the Settlement Agreement presented by the parties, the Court determines that the terms of the settlement of this litigation are fair and reflect a reasonable compromise of Plaintiff's claims, including the amount contemplated to be paid to Plaintiff for resolution of her claims. The Court, moreover, has determined that the agreement is not the product of fraud or overreaching by, or collusion between, the negotiating parties, and that the settlement, taken as a whole, is fair, reasonable and adequate to all concerned. *See, e.g. Officers for Justice v. Civil Service Commission,* 688 F. 2d 615, 625 (9th Cir. 1982). Finally, in approving the parties' settlement agreement, the Court balanced numerous factors, including the strength of plaintiff's case; the risk, expense,

DB1/62425986.1   -2-
MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
IRVINE

ORDER REGARDING DISMISSAL

complexity, and likely duration of further litigation; the extent of the discovery completed, the stage of the proceedings, and the experience and views of counsel. *See, e.g. Torrisi v. Tucson Electric Power Co.*, 8 F. 3d 1370, 1375 (9th Cir. 1993). Accordingly, the Court approves the settlement in its entirety.

The Court, thus having approved of the settlement of the claims in this matter, hereby DISMISSES WITH PREJUDICE all claims which were brought, or could have been brought, by Plaintiff Pauline Nguyen-Jenstad in her First Amended Complaint, filed on June 13, 2008. This Court further approves the release by Plaintiff of any claims and potential claims as set forth in the Settlement Agreement, including, but not limited to, any claims against Defendant for wages under the FLSA.

DB1/62425986.1                                    -3-

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
IRVINE

ORDER REGARDING DISMISSAL

Neither this Order nor any other documents or information relating to the settlement of this action shall constitute, be construed to be, or be admissible in any proceeding as evidence:  (a) that any group of similarly situated or other employees exists to maintain a collective action under the FLSA, or a class action under Rule 23 of the Federal Rules of Civil Procedure, or comparable state laws or rules, including but not limited to California Code of Civil Procedure § 382; (b) of an adjudication of the merits of this case or that any party has prevailed in this case; or (c) that the Defendants or others have engaged in any wrongdoing.

Agreed to in form and substance on behalf of Plaintiff:

LAW OFFICES OF JOEL W. BARUCH, P.C.
JOEL W. BARUCH

By _____
JOEL W. BARUCH
Attorneys for Plaintiff
PAULINE NGUYEN-JENSTAD

Agreed to in form and substance on behalf of Defendant:

MORGAN, LEWIS & BOCKIUS LLP
CARRIE A. GONELL
ALLISON C. ECKSTROM

By _____
CARRIE A. GONELL
Attorneys for
JPMORGAN CHASE BANK, N.A.

SO ORDERED this 22 day of January, 2009.

_____
Hon. Otis D. Wright