Ira Spiro, State Bar No. 067641
SPIRO MOSS LLP
11377 West Olympic Boulevard, Fifth Floor
Los Angeles, CA 90064-1683
Telephone: (310) 235-2468
Fax: (310) 235-2456
ira@spiromoss.com

Attorneys for Proposed Intervener Michael J. Davis

[Additional Counsel Listed on Signature Page]

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAULINE NGUYEN-JENSTAD on behalf of herself and those similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> J.P. MORGAN-CHASE, a corporation; and DOES 1 TO 100, inclusive, <br><br> Defendants. | Case No. CV 08-2865 ODW (JWJx) <br><br> **NOTICE OF MOTION AND MOTION FOR LEAVE TO INTERVENE AND TO UNSEAL SETTLEMENT AGREEMENT** <br><br> Date: January 25, 2010 <br> Time: 1:30 p.m. <br> Dept: Courtroom 11 <br> Judge: The Honorable Otis D. Wright |

1 **NOTICE OF MOTION AND MOTION FOR LEAVE TO INTERVENE AND**
2 **TO UNSEAL SETTLEMENT AGREEMENT**
3 TO:  ALL PARTIES AND THEIR COUNSEL OF RECORD:
4
5      NOTICE IS HEREBY GIVEN that on January 25, 2010, at 1:30 p.m., or as
6 soon thereafter as the matter may be heard, in Courtroom 11, 312 N. Spring Street,
7 Los Angeles, California 90012, pursuant to Rule 24 of the Federal Rules of Civil
8 Procedure and the public's right of access to public proceedings, Michael J. Davis
9 will move, and hereby does move, for leave to intervene and to unseal the parties'
10 Settlement and General Release Agreement ("Settlement Agreement").  The
11 motion will be based upon this Notice of Motion and Motion, and upon the
12 Memorandum of Points and Authorities below.
13      This motion is made following the conference of counsel pursuant to L.R. 7-
14 3, which was conducted more than 20 days ago by New York counsel for the
15 proposed intervener.
16
17 December __, 2009
18                                         SPIRO MOSS LLP
19
20                                         By: /s/ Ira Spiro
21
22
23
24
25
26
27
28

# MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR LEAVE TO INTERVENE AND TO UNSEAL SETTLEMENT AGREEMENT

## I.  INTRODUCTION

Michael J. Davis, on behalf of himself and all other similarly situated employees of defendant J.P. Morgan Chase ("Chase"), commenced an action against Chase alleging claims similar to those alleged in the instant action, i.e., that Chase misclassified its underwriters as exempt employees and thus failed to pay them proper wages and overtime pay.[1]  *Davis v. JP Morgan Chase & Co.,* No. 01-CV-6492L (W.D.N.Y.).[2]  The *Davis* action is currently pending before the Second Circuit Court of Appeals.  *Davis v. JP Morgan Chase & Co.*, Docket No. 08-4092-cv (2d Cir.).  Mr. Davis now moves for leave to intervene in this action for the limited purpose of vindicating the public's common-law right of access to judicial records.  In that regard, Mr. Davis moves to unseal the parties' Settlement Agreement, which was manually filed with this Court on January 12, 2009 (Dk. No. 27) and ordered to be filed under seal on January 16, 2009 (Dk. No. 31).

Intervention is liberally granted for the limited purpose of challenging or modifying confidentiality or protective orders.  The Settlement Agreement at issue here involved the release of non-waivable rights under the Fair Labor Standards Act ("FLSA") and, as such, had to be approved by the Court.  In order to maintain the Settlement Agreement under seal, the parties to this action are required to articulate compelling reasons supported by specific factual findings.  It is respectfully submitted that no such compelling reasons have been or can be shown

---

[1]  It appears that Chase failed to file a Notice of Pendency of Other Actions or Proceedings as required by Local Rule 83-1.4.1 with respect to the *Davis* action.

[2]  Andrew Whalen and three other party-plaintiffs subsequently joined the *Davis* action. The parties thereafter agreed that they would initially litigate only the FLSA claims of Andrew Whalen.  *See* Davis, No. 01-CV-6492L, Doc. 31.

to justify the sealing of the Settlement Agreement. It is therefore respectfully requested that Mr. Davis's motion be granted and that the Settlement Agreement in this matter be unsealed and made available for public viewing.

## II.     FACTUAL AND PROCEDURAL BACKGROUND

The parties executed the Settlement Agreement on or about December 15, 2008 (Dk. No. 25, p. 2 of 7). On January 8, 2009, the parties jointly moved for Court approval of the Settlement Agreement (Dk. No. 25). Such approval was required because plaintiff Pauline Nguyen-Jenstad agreed to release any and all claims for wages she may have had against Chase under the FLSA (*Id.* at p. 3 of 7). In conjunction with the motion for Court approval, Chase filed an application to file the Settlement Agreement under seal (Dk. No. 29). The sole basis given for filing the Settlement Agreement under seal was its "confidential nature" (*Id.* at p. 2 of 4). On January 16, 2009, the Court, noting briefly that it had reviewed the application and good cause appearing, granted the application (Dk. No. 31, p. 2 of 4). The Settlement Agreement was filed under seal for in camera review by the Court, and approved by the Court, and the action was dismissed with prejudice on January 22, 2009 (Dk. Nos. 27, 33).

## III.    LEAVE TO INTERVENE SHOULD BE GRANTED

It is well settled in this Circuit that "[n]onparties seeking access to a judicial record in a civil case may do so by seeking permissive intervention under Rule 24(b)(2)." *San Jose Mercury News, Inc. v. U.S. Dist. Ct.*, 187 F.3d 1096, 1100 (9th Cir. 1999); *see Beckman Industries, Inc. v. International Ins. Co.*, 966 F.2d 470, 472-473 (9th Cir. 1992) (Rule 24(b) intervention is a proper method to modify a protective order); *see also Kamakana v. City and County of Honolulu,* 447 F.3d 1172, 1176, 1178-1180 (9th Cir. 2006) (permissive intervention allowed to unseal court documents pursuant to public right of access); *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1129-1130 (9th Cir. 2003) (private parties allowed permissive intervention to unseal court documents pursuant to public right of

access); *Jessup v. Luther*, 227 F.3d 993, 996-998 (7th Cir. 2000) (intervention is the logical and appropriate vehicle by which the public and the press may challenge a closure order and Rule 24 is sufficiently broad-gauged to support a request of intervention for such purposes). Indeed, intervention for such a limited purpose logically flows from the Supreme Court pronouncement that the "general public 'must be given an opportunity to be heard on the question of their exclusion.'" *Globe Newspapers Co. v. Superior Court*, 457 U.S. 596, 609 n. 25, 102 S.Ct. 2613, 73 L.Ed.2d 248 (1982); *see Jessup*, 227 F.3d at 997.

Furthermore, the dismissal of this action does not bar the requested intervention. As explained by the Court of Appeals for the District of Columbia, several courts, including the Ninth Circuit Court of Appeals, allow "'intervention to challenge confidentiality orders . . . long after a case has been terminated.'" *E.E.O.C. v. National Children's Center, Inc.*, 146 F.3d 1042, 1047 (C.A.D.C. 1998); *see Phillips ex rel. Estates of Byrd v. General Motors Corp.*, 307 F.3d 1206, 1209 (9th Cir. 2002) (involving post-dismissal intervention for purpose of accessing protected documents); *Beckman Industries, Inc.*, 966 F.2d at 472-473 (affirming intervention 2 years after settlement); *Olympic Refining Co. v. Carter,* 332 F.2d 260, 261 n. 2, 262 (9th Cir.) (third party permitted to challenge a protective order over two years after the underlying litigation had terminated), *cert. denied,* 379 U.S. 900, 85 S.Ct. 186, 13 L.Ed.2d 175 (1964).

Jurisdiction also poses no barrier to the requested intervention. Again, as explained by the District of Columbia Court of Appeals, courts, including the Ninth Circuit, do not require an independent jurisdictional basis to intervene for the limited purpose sought here. *National Children's Center, Inc.*, 146 F.3d at 1047; *Beckman Industries, Inc.*, 966 F.2d at 473-74 (holding that independent jurisdictional basis is not required where intervener merely seeks to challenge a protective order).

Thus, the motion to intervene should be granted so that Mr. Davis can vindicate his and the public's right of access.

## IV. THE PUBLIC'S COMMON-LAW AND FIRST AMENDMENT RIGHT OF ACCESS TO JUDICIAL RECORDS MANDATES THE UNSEALING OF THE SETTLEMENT AGREEMENT

### A. Judicial Records Are Presumptively Public and May Be Sealed Only for Compelling Reasons.

In the Ninth Circuit, "there is a strong presumption in favor of access to court records." *Foltz*, 331 F.3d at 1135; *see San Jose Mercury News, Inc.*, 187 F.3d at 1102. This presumption has its roots in both common law (*Nixon v. Warner Communications,* 435 U.S. 589, 597, 98 S.Ct. 1306, 55 L.Ed.2d 570 (1978)) and the First Amendment. *Globe Newspapers Co.*, 457 U.S. at 605-606. "[T]he right 'serves to (1) promote community respect for the rule of law, (2) provide a check on the activities of judges and litigants, and (3) foster more accurate fact finding.'" *Jessup*, 227 F.3d at 997; *see Bank of America Nat. Trust and Sav. Ass'n v. Hotel Rittenhouse Associates*, 800 F.2d 339, 345 (3d Cir. 1986) (public access promotes the public perception of fairness and serves as a check on the integrity of the judicial process). "The applicability and importance of these interests are not lessened because they are asserted by a private party to advance its own interests." *Bank of America Nat. Trust and Sav. Ass'n*, 800 F.2d at 345; *see Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 123 (2d Cir. 2006) (motive for seeking access to judicial documents generally irrelevant in defining the weight accorded the presumption of access).

"Overcoming this presumption requires a showing of compelling reasons for denying access." *In re National Sec. Agency Telecommunications Records Litigation*, MDL Docket No. 06-1791 VRW, 2007 WL 549854, *2 (N.D. Cal. Feb. 20, 2007); *see Kamakana,* 447 F.3d at 1178. Notably, "[a] 'good cause' showing will not, without more, satisfy a 'compelling reasons' test." *Kamakana,* 447 F.3d

at 1180. In order to meet the "compelling reasons" standard, "the party must articulate[ ] compelling reasons supported by specific factual findings, that outweigh the general history of access and the public policies favoring disclosure, such as the public interest in understanding the judicial process." *Id*. at 1178-1179 (internal citations and quotation marks omitted); *see Pintos v. Pacific Creditors Ass'n*, 565 F.3d 1106, 1115-1117 (9th Cir. 2009). "[I]f the court decides to seal certain judicial records, it must 'base its decision on a compelling reason and articulate the factual basis for its ruling, without relying on hypothesis or conjecture.'" *Kamakana,* 447 F.3d at 1179.

### B. The Settlement Agreement is a Judicial Record Subject to the Presumptive Right of Access

Although the presumption of public access does not attach to all documents filed with the court (*Phillips*, 307 F.3d at 1213), it is well settled that it attaches to all filed documents that directly affect an adjudication, including settlement agreements filed with the court for judicial approval. *Kamakana,* 447 F.3d at 1179; (strong presumption of access to judicial records applies fully to dispositive pleadings); *Foltz*, 331 F.3d at 1135-36; *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 123 (2d Cir. 2006); *S.E.C. v. Van Waeyenberghe*, 990 F.2d 845, 849 (5th Cir. 1993) (the presumption in favor of public's common law right of access to court records applies to settlement agreements that are filed and submitted to the district court for approval); *Bank of America Nat. Trust and Sav. Ass'n v. Hotel Rittenhouse Associates*, 800 F.2d 339, 345 (3d Cir. 1986) (once a settlement is filed in the district court, it becomes a judicial record, and subject to the access accorded such records).

The presumption of access to the Settlement Agreement here is even greater than in an ordinary civil case. *See e.g. E.E.O.C. v. Erection Co., Inc.*, 900 F.2d 168, 172 (9th Cir. 1990) (where interest at issue is whether the courts are properly resolving claims for federally protected rights, the presumption weighs even more

heavily in favor of public access than in the ordinary civil case). Here, as the parties acknowledged, because the Settlement Agreement provided for the release by plaintiff of all claims she had against Chase under the FLSA, it had to be approved by the district court. Dk. No. 25, p. 3 of 7; *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353-1354 (11th Cir. 1982).

### C. No Compelling Reasons Have Been or Can Be Shown to Maintain the Settlement Agreement Under Seal

Based on the above, it is clear that the parties' Settlement Agreement submitted to the Court for judicial approval is a judicial record entitled to a strong presumption of public access, which can only be overcome by compelling reasons supported by specific factual findings. The burden of establishing compelling reasons is on the party seeking to prevent disclosure. *Kamakana,* 447 F.3d at 1178. Absent evidence that disclosure of the material could result in improper use of the material for scandalous or libelous purposes or infringement upon trade secrets, compelling reasons typically are not found. *See Pintos*, 565 F.3d at 1116, n. 6. "The mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Kamakana,* 447 F.3d at 1179.

Here, although the parties bore the burden of establishing compelling reasons for non-disclosure, the sole basis given for filing the Settlement Agreement under seal was its confidential nature. Dk. No. 28, p. 2 of 4. Moreover, the only reason stated by the Court for granting the application to file the Settlement Agreement under seal was that there was good cause appearing. Dk. No. 31, p. 2 of 4. As noted above, it is well settled that good cause, even if it existed in this case, is insufficient to maintain the settlement agreement under seal – compelling reasons are required. *See Kamakana,* 447 F.3d at 1180; *see generally Pintos*, 565 F.3d at 1115-1117. No compelling reasons have been shown.

1  Furthermore, reliance upon a protective order in disclosing material is not a
2  compelling reason sufficient to rebut the presumption of public access to judicial
3  records.  *See California ex rel. Lockyer v. Safeway, Inc.*, 355 F.Supp.2d 1111,
4  1121 (C.D. Cal. 2005); *see also Kamakana,* 447 F.3d at 1183.  This is particularly
5  true here.  The Settlement Agreement involves the release of non-waivable
6  federally protected rights under the FLSA.  The parties were thus required to
7  submit it to the Court for approval.  Under those circumstances, and in light of the
8  well established precedent cited above, the parties should have known that the
9  mere confidential nature of the agreement, and/or good cause, would not bar the
10  public's access to the agreement.  Therefore, any alleged reliance on the Court seal
11  to prevent disclosure of the Settlement Agreement is unreasonable and not
12  compelling.  *See E.E.O.C.*, 900 F.2d at 171-172; *California ex rel. Lockyer*, 355
13  F.Supp.2d at 1121.

   The showing necessary to justify the continued protection of the Settlement
   Agreement has never been made and cannot be made.  The Agreement should
   therefore be unsealed and made available for public viewing.  *See generally
   Beckman Industries, Inc.*, 966 F.2d at 476.

## V.    CONCLUSION

   Because Mr. Davis has an important interest in vindicating the public's right
   of access to this proceeding and the settlement of claims under the FLSA, he
   should be permitted to intervene for the limited purposed of challenging the sealing
   of the Settlement Agreement.  Furthermore, because no party has justified sealing
   the Settlement Agreement, and no justification can be offered, the Settlement
   Agreement should be unsealed.

Date:  December 16, 2009

                              Respectfully Submitted,

                              SPIRO MOSS LLP

By: /s/ Ira Spiro

Ira Spiro, SBN 067641
11377 West Olympic Boulevard, Fifth Floor
Los Angeles, CA 90064-1683
Telephone: (310) 235-2468
Facsimile: (310) 235-2456
ira@spiromoss.com


THOMAS & SOLOMON LLP
J. Nelson Thomas, NY Attorney # 2579159
*(pro hac vice application submitted herewith)*
693 East Avenue
Rochester, NY 14607
Telephone: (585) 272-0540
Facsimile: (585) 272-0574
nthomas@theemploymentattorneys.com

Attorneys for Proposed Intervener

---

MOTION TO INTERVENE AND UNSEAL SETTLEMENT AGREEMENT
Case No. CV 08-2865 ODW (JWJx)
- 9 -